# Watson *v.* Oates.

*Bill in Equity to enforce Vendor's Lien.*

1. *Private act authorizing administratrix to sell land; validity of.*—The validity of a special act authorizing a widow in her representative capacity, as administratrix of her deceased husband, to make a private sale of the lands of her said husband and intestate, for the purpose of division among the heirs, is supported by former decisions of this court, and on account of the •frequency of such enactments under former constitutions, and the number of titles involved, it is too late to reopen the question as to the legislative power, to enact them.

2. *The omission of indispensable parties to a bill*—is an error for which the appellate court will reverse a decree, though no objection to their absence was taken in the Chancery Court.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. HURIOSCO AUSTILL.

William C. Oates, the appellee, as sole complainant, filed the bill in this cause on the 8th of February, 1875, against J. F. Watson, appellant, alleging that he was, in 1874, appointed guardian of Pocahontas Long, since married, and with whom he has made final settlement, and William B., and Mamie Long, children of James B. Long, deceased; that on the 23d of October, 1873, Mary Long, as administratrix of James B. Long, deceased, by virtue of an act of the general assembly, "To authorize Mary J. Long, as administratrix of the estate of James B. Long, her deceased husband, to sell the lands belonging to said estate at private sale," approved April 23d, 1873, sold to said Watson the lands in controversy, as the lands belonging to said estate, and took from said Watson two purchase-money notes therefor—said Mary Long executing her bond with said Oates as surety thereon, conditioned to make a deed to Watson of said land, upon his paying the notes in full; that in 1874, said Mary Long made final settlement of said estate, and in

part payment of the balance against her she transferred one of said notes to said Oates, as guardian of said distributees, who were minors, and in that way said note became the property of complainant, who sues as guardian; that said note has not been paid, and said Watson is in possession of said land. The bill prays that said Watson be made a party; for a reference; for amount due upon said note; or for enforcement of lien of said note, by sale, &c., of the land, and for general relief.

To this bill the defendant demurred, on the following grounds : 1st, want of equity ; 2d, failing to allege a willingness of any of the parties to convey to defendant, by proper deed, said lands upon payment of the purchase-money therefor ; 3d, that the bill shows on its face that the said land act of the legislature authorized the said Mary A. Long, *as administratrix*, to sell said land, and that she did not sell in such representative capacity, but as Mary A. Long; 4th, the said bill shows on its face and by all its averments, that the said Mary Long, on her final settlement and discharge of her trust, is rendered unable to comply with the terms of said contract or with the requirements of said act of the legislature." The demurrer was overruled; whereupon the defendant filed answer, and cross-bill, and, upon the hearing, the Chancellor decreed the complainant entitled to relief, and dismissed the cross-bill. The decree is now assigned as error.

JOHN D. GARDNER, for appellant.—1. While the legislature may authorize an administrator to 'sell lands of an estate to pay debts because they descend to the heirs, subject to the lien of creditors (*Watkins v. Holman*, 16 Pet. 25 ; *Heirs of Holman v. Bank of Norfolk*, 12 Ala. 369), and it might be admitted, without effecting this case, that the legislature could pass an act authorizing a sale for distribution upon the application of the parties interested, as in the case of *Chappell v. Doe, ex dem. Williamson*, 49 Ala. 153. But the legislature can pass no act which impairs vested rights, or which involves judicial injury, or which deprives individuals of their property without due process of law. This question is distinctly met and fully discussed in the case of *Pryor v. Downey*, decided by the Supreme Court of California in November, 1875, and reported in the February number of the American Law Times for the year 1876. A similar question arose in the case of *Grove v. Todd*, 41 Maryland.

2. Was not Mary J. Long, the widow, an indispensable party to this suit? It is true, she sold the land, but she has never parted with her interest in the proceeds of the sale, and is, no doubt, entitled to a portion of the same in lieu of

dower. Mary J. Long is an indispensable party to the original bill. Pocahontas Long is also an indispensable party to the bill, and though the question be raised for the first time in this court, the case will be reversed.

WILLIAM C. OATES, (per se) contra.—1. The appellant contends that the sale of the land is void for the reason that the act of the general assembly (Acts 1872-3, p. 172), is unconstitutional. The soundness of this position is by no means admitted.—49 Ala. 153. But suppose that it be correct, and that the sale is utterly void, the appellant cannot defend against the payment of the purchase-money while he retains possession of the land.—Burns v. Hamilton, 33 Ala. 210, and authorities therein cited.

2. No question was made in the court below to the failure to make Mary J. Long and Pocahontas Long parties to the bill, and not being a question of jurisdiction, cannot be made for the first time in this court.

BRICKELL, C. J.—1. The validity of the special statute authorizing Mrs. Long, in her representative capacity, as administratrix of her deceased husband, to make a private sale of the lands of her said husband and intestate, for the purposes of division and distribution to and among the heirs to whom they had descended, is supported by former decisions of this court, which we have neither the power nor inclination to disturb.—Chappell v. Doe, 49 Ala. 153; Holman v. Bank of Norfolk, 12 Ala. 369. The enactment of such laws was, under former constitutions, frequent; the titles to an immense amount of the real property of the State depend upon their validity, and it is too late to reopen the discussion of the power of the legislature to enact them.

2. We concur in the view which the Chancellor must have taken, that the appellants have failed to establish that there was any fraud or misrepresentation in the sale, or that they had any just claim to damages because possession was not earlier surrendered to them; and if the proper parties were before the court, the decree would be affirmed. The bill is, in this respect, defective. The legal title to the lands descended to the heirs of James B. Long, who must be parties, before the court can render a decree subjecting them to sale for the payment of the purchase-money due from the appellant. No objection was taken to their absence, in the Chancery Court, but the rule has long prevailed in this court, that the omission of indispensable parties is an error compelling a reversal, though objection has not been previously taken — McMaken v. McMaken, 18 Ala. 576.

The decree is reversed and the cause remanded, that the proper parties be made.