[Scranton, Barney & Co. v. Ballard.]

# Scranton, Barney & Co. *v.* Ballard.

## *Statutory Real Action in nature of Ejectment.*

1. *Appeal; joinder of judgments.*—Two distinct final judgments, each of which would support an appeal, can not be united in one appeal, and errors assigned on each.

2. *What title will authorize recovery.*—In ejectment, or the corresponding statutory action, the plaintiff must have a legal title at the commencement of the action, and that title must continue up to the time of the trial : if, before the trial, his title is determined or destroyed, he can not recover ; as where he claims under a purchase at sheriff's sale, and the sale is set aside pending the cause.

3. *Setting aside sale under execution.*—A judgment of the Circuit Court, setting aside a sheriff's sale of lands under execution issuing from that court, is of the same dignity, as binding and conclusive, as any other judgment it may render ; and can not be impeached collaterally, for errors or irregularities.

APPEAL from the Circuit Court of Sumter.
Tried before the Hon. LUTHER R. SMITH.

SNEDECOR & COCKRELL, for appellants.

W. G. LITTLE, *contra.*

BRICKELL, C. J.—The transcript contains the record of the proceedings on an application to vacate a sale of lands made under execution; the judgment thereon rendered, vacating the sale as to a part of the lands, claimed as a homestead by the defendant in execution ; the record of the proceedings had on a motion to amend *nunc pro tunc* that judgment; and it also contains the record of the proceedings in an action of ejectment by the appellants, as purchasers of the lands at sheriff's sale, against the tenants in possession, and of the judgment therein rendered. Two bills of exceptions are found in the record ; the one taken to the rulings of the Circuit Court on the hearing of the application for a vacation of the sheriff's sale ; and the other, to the rulings of the Circuit Court on the trial of the action of ejectment. There is no certificate of appeal ; and the only indication of the judgment it is proposed to examine and review, is found in the securityship for the costs of the appeal, which is entitled of the action of ejectment. The assignments of error are directed to the rulings of the Circuit Court in both cases—

[Anderson v. Anderson.]

the application to vacate the sale, and the action of eject-ment. The judgment in each case is final, and would sup-port an appeal; and the parties in each case are different. The two judgments can not be joined in one appeal; and following the only indication found in the record, we must regard the judgment in the action of ejectment as alone pre-sented for examination.

It may be conceded that the appellants had, at the com-mencement of the action of ejectment, the legal title, and the immediate right of entry to the lands; but, to entitle them to judgment, the title and right of entry must have continued to the time of the trial. Its determination, or destruction, before the trial, operated a bar to their recovery. A plaintiff in ejectment must recover on a title and right of entry exist-ing at the commencement of the action, and continuing to the day of trial.

The Circuit Courts have jurisdiction to vacate sales of land made by the sheriff, on process issuing out of them. A judg-ment rendered, vacating a sheriff's sale, is of the same dig-nity, as binding and conclusive, and as incapable of impeach-ment collaterally, for error or irregularity, as any other judg-ment the court may render in the exercise of its general juris-diction. The rendition of the judgment, vacating the sale of that part of the lands claimed as a homestead, until it was reversed (if it was subject to reversal), destroyed the title of the appellants to that part of the lands, barring a recovery by the appellants, to that extent, in the action of ejectment. This, we understand from the record, was the ruling of the Circuit Court, in the action of ejectment; for, as to the other lands, there was a recovery. We do not, therefore, enter on a consideration of the questions which would be involved, if the rulings of the Circuit Court on the application to vacate the sale were presented.

The judgment is affirmed.