# Bruce *v.* Bradshaw.

*Statutory Real Action in the Nature of Ejectment.*

1. *Act of legislature authorizing sale of decedent's land by widow, constitutional.*—An act of the General Assembly authorizing the widow to sell lands of a decedent at private sale, subject to the approval of the judge of probate of the county in which the decedent resided at the time of his death, is constitutional; and a sale and conveyance made by the widow, and approved by the judge of probate under the act, passed the legal title to the purchaser.
2. *Ejectment; title in plaintiff at time of trial necessary to a recovery.* To recover in ejectment, the plaintiff must not only have title when he institutes his suit, but also at the time of trial. If his title determines before the trial, he can not recover.

APPEAL from Coffee Circuit Court.

Tried before Hon. H. D. CLAYTON.

This was an action in the nature of ejectment brought under the statute by the appellants as the heirs at law of Wilkerson Ezelle, deceased, for the recovery of a tract of land in Coffee county, of which their ancestor died seized and possessed. The appellee claimed title under a sale and two deeds made by Mrs. Frances Ezelle, the decedent's widow, in pursuance of an act of the General Assembly, approved March 9, 1871 (Pamph. Acts 1870–1, p. 285), authorizing her "to sell all the lands belonging to the estate of Wilkerson Ezelle, deceased, subject to the approval of the judge of probate of said county of Coffee." This is the substance of the act. On the trial, the appellants proved title in their ancestor at the time of his death and their heirship; and the appellee read the act in evidence, and also proved that Mrs. Ezelle, with the approval of the judge of probate, sold him the lands, received the purchase-money, and executed to him two deeds, one dated 8th October, 1878, and the other, 8th March, 1881—after the commencement of this suit. The deeds are copied in the bill of exceptions, and the only substantial difference between them is, that the deed last executed recites the authority of Mrs. Ezelle to make the sale and execute the deed,

[Bruce v. Bradshaw.]

while the other contains no such recital. The approval of the judge of probate was endorsed on both deeds. This being all the evidence, the court charged the jury, at the request of the appellee, that if they believed the evidence they must find for him, and the appellants excepted. Judgment was rendered on verdict for the appellee, from which this appeal was taken. The ruling of the Circuit Court above noted is here assigned as error.

JOHN D GARDNER, and H. H. BLACKMAN, for appellant.

W. D. ROBERTS, contra.

(No briefs came to the hands of the reporter.)

STONE, J.—We do not think this case distinguishable in principle from the many cases of statutes authorizing the private sale of lands of a decedent, which this court has pronounced valid.—Pamph. Acts 1870-1, p. 285. See a collection of the authorities in *Tindal v. Drake*, 60 Ala. 170. See, also, *Watson v. Oates*, 58 Ala. 647; Cooley on Cons. Lim. (in margin) 85 to 103. Mr. Cooley characterizes such statutes as "prerogative remedial legislation," and cites many well considered authorities in support of the doctrine. Speaking of such statutes, BRICKELL, C. J., in *Watson v. Oates, supra,* said: "It is too late to re-open the discussion of the power of the legislature to enact them."

The argument for appellants concedes that the statutory authority would have authorized the sale, if Mrs. Ezelle had been administratrix, or had sustained any relation of fiduciary trust to the heirs at law of the intestate. This argument rests on the fact that such trustees are usually under bond with sureties for the faithful administration of the trust funds committed to them. In *Tindal v. Drake, supra,* the legislature appointed the trustee, did not require of him any bond, and conferred on him large powers to receive the trust effects, and to sell and convey the trust property. We upheld the appointment, and the sale and conveyance made by him. The cases of *Lane v. Dorman*, 4 Ill. 242, and *Cash, Appellant*, 6 Mich. 193, referred to in Cooley on Cons. Lim. 104-5 (in margin), do not decide that a statute authorizing a sale of lands of a decedent by one who is not a trustee, or under some fiduciary relation, would for that reason be unconstitutional. It was because the special statutes passed on in those cases not only authorized sales and conveyances, but went farther, and directed to whom the proceeds and benefits should inure. In one case, the statute directed that the proceeds should be paid to one creditor, to the

[Davis v. Bedsole.]

exclusion of all others, and in the other, that the conveyance should be to a particular one of several claimants. In each of these cases, it is clear the legislature attempted to exercise judicial functions—the determination of the rights of conflicting claimants; and for that reason, the acts were rightly pronounced unconstitutional.

The present case is distinguishable from those. Here, the widow—probably the mother of the heirs—is empowered to sell. The estate, we infer, was small. We hear of only 120 acres of land, and it yielded only $325. Eighty of the one hundred and twenty acres of the land, if not the whole, were probably exempt as a homestead, under sections 2061, subdivision 6, 3539 G, and 2860, subdivision 4, of the Revised Code, or the constitution of 1868. Moreover, the widow had a dower claim, if she chose to assert it. All these considerations tend to show that if administration had been taken on this estate, it would probably have been consumed, or very greatly reduced, in expenses. It is our duty to presume the legislature had a satisfactory reason for enacting the special statute, under which the sale was made, and the natural presumption is, that that body was reliably informed that a sale was desirable and necessary, and that those interested were poorly able to bear the expense of an administration, and a sale thereunder.

If the deed first executed in this case, and the approval thereof by the probate judge, were insufficient to convey the title, there is nothing in the objection that the second deed, and the probate judge's approval of the sale, bear date after the present suit was brought. Either conveyance was in time to devest the title of the plaintiffs before the trial was had, and that was enough to defeat the action. To recover in ejectment, the plaintiff must not only have title when he institutes his suit. He will fail if his title determines before the trial.—*Scranton v. Ballard*, 64 Ala. 402.

Affirmed.