# Dobbs *v.* Hairston.

### *Statutory Action in Nature of Ejectment.*

1. *Permanent improvements, and liability for rents; adverse possession for three years, and possession under color of title.*—When the defendant is in possession under color of title, has had adverse possession for three years, and has erected permanent improvements (Code, §§ 2951–54, 2966), he may waive his claim for improvements, and restrict his liability for rents to one year next before the commencement of the suit; or he may claim the full value of his improvements, and waive his right to claim a restricted liability for rents; but he can not restrict his liability for rents, by pleading possession under color of title, and set off the value of the improvements erected against the rent for the limited period.

APPEAL from the Circuit Court of Greene.

Tried before the Hon. S. H. SPROTT.

This is the second appeal in this case during the present term. See the case reported *ante*, p. 589. The proceedings on the second trial, now presented for revision, are stated in the opinion of the court.

G. B. MOBLEY, for appellant.

J. B. HEAD, *contra.*

CLOPTON, J.—To so much of the action as seeks to recover mesne profits, the defendant originally interposed two special defenses; 1st, Adverse possession for more than three years next before the commencement of the suit, and permanent improvements, under sections 2951–2954 of the Code; and 2d, Exemption from responsibility for damages or rent for more than one year before the commencement of the suit, by reason of holding possession under color of title in good faith, under section 2966. When this case was before us on a former appeal, *ante* p. 589, we held that these defenses are incompatible, and both can not be insisted on; that the defendant must be put to his election on which he will rely, and if he will not elect, the court should strike out both lines of defense. On another trial, after the remandment of the cause, the defendant having failed to elect, the court, on motion of plaintiff, struck from the file all the pleas setting up both defenses. This action is in accord with our former ruling.

[Powell v. Powell.]

The defendants, immediately thereafter, filed without objection a special plea, setting up the defense of holding possession under color of title in good faith, and then offered to file another plea of set-off or recoupment—the value of permanent improvements against the rent,—which the court refused to allow to be filed. Had the court permitted the second plea to be filed, under the circumstances, it would have stultified the previous ruling, by allowing both the incompatible defenses to be reintroduced on the record.

In actions for the recovery of land and mesne profits, the period during which the defendant may be charged for the rent, and the circumstances under which he may claim pay for his improvements, are regulated by the statute. He may restrict his responsibility, if holding possession under color of title in good faith, and waive any claim for improvements, or may waive the limitation of his liability, subjecting himself to full rent for the whole period of his occupation, and claim allowance for the full value of his improvements, if he has had adverse possession for three years before the commencement of the suit. But he can not restrict his responsibility for rent under section 2966, and set-off the value of the improvements against the rent for the limited period.—*Turnipseed v. Fitzpatrick*, 75 Ala. 297. By re-filing the plea setting up the defense of holding possession under color of title in good faith, under section 2966, and going to trial thereon, the defendant elected to rely on that defense. By such election, he is precluded to show that he has made permanent improvements and the value thereof, in order to set-off the same against the rent. The rulings of the court are in harmony with these views.

Affirmed.