# Jackson Lumber Co. *v.* McCreary *et als.*

## Statutory Action of Ejectment.

1.   *Ejectment; what necessary for plaintiff to maintain suit.*—In an action of ejectment against one claiming title to the land sued for, the plaintiff, in order to recover, must show that he has a better title to the property than the defendant; and in such suit, where the plaintiff fails to show that he has title, either by open muniments or by right of adverse possession, he can not maintain ejectment against the defendant in possession, whether the latter's title be valid or not.

[Jackson Lumber Co. v. McCreary *et als.*]

2. *Same; same.*—In an action of ejectment, the plaintiff, in order to be entitled to recover, must show a regular chain of title back to some grantor in possession or to the government.

3. *Possession of land; when not shown.*—The mere payment of taxes on land, and an occasional trip over the land by the alleged owner or his agent in looking after it, does not constitute possession in one claiming to own it.

APPEAL from the Circuit Court of Covington.

Tried before the Hon. JOHN P. HUBBARD.

This was a statutory action of ejectment, brought by the appellants, Ida McCreary, John Finley, James Finley and George Finley, against the appellant, the Jackson Lumber Company, to recover lands specifically described in the complaint. The facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

Among the charges requested by the defendant, to the refusal of the court to give each of which the defendant separately excepted, was the general affirmative charge in its behalf.

There were verdict and judgment for the plaintiffs. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

B. H. LEWIS, for appellant.—Where a plaintiff relies on documentary proof of title, a complete title must be shown and if a material link be wanting, his documentary proof should be excluded from the jury.—*Jinkins v. Noel*, 3 Stewart, 60.

One claiming title through or from another must show that the title has passed to him by proper legal conveyance or he cannot recover.—*Farley v. Whitehead*, 63 Ala. 295; *Bank of Ky. v. Jones*, 59 Ala. 123.

The plaintiffs failed to show title in W. F. Donaldson the only source of their title; and the general charge for defendant should have been given.

[Jackson Lumber Co. v. McCreary *et als.*]

JAMES F. JONES, *contra*, cited *State L. Co. v. Kyle*, 99 Ala. 474; *Burks v. Mitchell*, 78 Ala. 81; *Hall v. Caperton*, 87 Ala. 285; *Steed v. Knowles*, 97 Ala. 537; *Edmondson v. Anniston City L. Co.*, 128 Ala. 589.

HARALSON, J.—The plaintiffs claim title to the land in question as derived from W. F. Donaldson, but failed to show title in him. Donaldson testified, that he bought it once from his uncle, a man named Donaldson, who was in possession. He testified on his direct examination that in 1874, witness made a deed to the land to A. F. Jackson. Jackson, as shown, made a deed on the 26th December, 1882, to John Finley, the ancestor of plaintiffs, and through whom they claim. On the cross-examination of this witness he testified, that he did not know who was in possession of the land from 1863 to 1872, when he bought in the latter year; that the land was wild land at that time; that the person he bought from, (his uncle), went over the land and showed it to him; that when he sold it to Jackson in 1874, he took him over it and showed it to him; that he did not know that Jackson was ever on the land after 1874; that Jackson went away to Crenshaw county, and has never returned, that witness knew of, and that all the possession the witness ever had of the land was to buy and sell it.

G. W. Kierce, a witness for plaintiffs testified, that he had known the land for 17 years, and it was wild land now; that there had been a house and a patch on it at one time, but that these had gone down and there was nothing remaining of these improvements except a little old field; that he knew John Finley in his life time, who claimed the land and asked witness to look after it and keep off trespassers; that witness went on it two or three times to look after it for Finley; that if Finley was ever actually on the land, witness did not know of it, and the only act of his possession was to get witness to look after it and keep off trespassers.

John Finley, a son of the ancestor of plaintiffs, testified, that his father paid taxes on the land until he

died in 1888, and he could not say who was in possession from 1868 to 1888, or before that time.

Mary McGuirk for the defendant testified, that she lived on the land in suit in 1863; that H. H. B. McGuirk, her husband, lived with her on the place till the latter part of the war when he went into the service and died; that S. K. and C. B. Segler, whom she knew, executed a deed to her said husband to said land, on the 6th of September, 1863, and the same has been in her possession ever since, until she turned it over to the defendant company, about 1892, and that she was in possession from 1863, until the latter date. This deed was introduced in evidence, as was also a deed to the land from the widow and heirs of said H. B. McGuirk, deceased, to David McGuirk, dated the 7th December, 1891; and a deed from David McGuirk to the defendant company, of 3d October, 1892.

The defendant also introduced several witnesses who testified to substantially the same facts as were deposed to by Mary McGuirk; that the lands had been in the possession of the McGuirks since 1863, claiming them as their own, until they were sold to defendant in 1892; that they never knew or heard of Donaldson, Jackson or Finley claiming the lands, until about the time this suit was brought. There was evidence tending to show that these lands were divided among the McGuirk heirs by the probate court after the death of H. B. McGuirk,—the division occurring in 1889, or 1890.

A plaintiff in ejectment must recover on the strength of his own title, and must show a valid title in himself, whether the defendant's title be valid or not; and the defendant being in possession, the plaintiff can not recover against him without showing a better muniment of title to the land than his, or that he has acquired title by adverse possession.—*Stephens v. Moore,* 116 Ala. 397; *Bernheim v. Horton,* 103 Ala. 384. Furthermore, a plaintiff in ejectment, in order to make out his right to recover, must show a regular chain of title back to some grantor in possession, or to the government.—*Florence B. & I. Asso. v. Schall,* 107 Ala. 531; *The Bank v. Jones,* 59 Ala. 126.

The plaintiffs here have shown no legal title to the land by proper legal conveyances from him in whom the title originally vested. Their evidence to show title is uncertain in character and wanting in sufficiency, to show possession of these .lands prior to defendant's claim of title under conveyances from any one from whom they purchased and under whom they claim to hold. They show that Donaldson and Jackson, each, went on the land at the time it is alleged they purchased it, but it does not appear that either Donaldson, after his alleged sale to Jackson, or the latter, after his purchase, ever saw or went on the lands; and it is not shown that plaintiffs' ancestor, John Finley, ever saw or was in possession of the lands. It is shown merely, that he requested one Kierce to look after it for him and keep intruders off, which he did by going on the land two or three times afterwards. Such acts, without more, do not constitute possession.—*Reddick v. Long,* 124 Ala. 261. Moreover, it does not appear that Donaldson ever received a duly executed deed from any one to the land. That neither Donaldson nor Jackson has no such possession as can be deemed to be adverse, is certain. Such possession, as is claimed for them, was not visible, so far as shown to any one, except to themselves, was not actual, notorious and uninterrupted. On the other hand, it appears without conflict in evidence, that H. B. McGuirk, who held a deed to the land from a prior occupant and claimant, lived on and claimed it from 1863 to the time of his death, and that his wife and children resided on it afterwards, and claimed it continuously until the time they sold it to the defendont, about 1892.

The plaintiffs have not shown title therefor, neither by written muniments of title, nor by adverse possession; but it does appear, that defendant and those under whom it claims have held it adversely, by such acts of ownership as the land was susceptible of, without interruption or intrusion of plaintiffs, and continuously for a period sufficient to give them a title by adverse possession.—*Farley v. Smith,* 39 Ala. 38, 44; *Bernstein*

*v. Horton,* 103 Ala. 384; *Stephens v. Moore, supra; Burks v. Mitchell,* 78 Ala. 61.

We need not consider other rulings assigned as error, since, under the evidence, the defendant was entitled to the general charge as requested.

Reversed and remanded.