## Roman *v.* Lentz, *et al.*

*Ejectment.*

(Decided October 14, 1915.    69 South. 827.)

1. *Bill of Exceptions; Establishment.*—Where judgment was rendered on December 8, 1914, and bill of exceptions therein presented to the trial judge on January 13, 1915, it was presented in time, and upon agreement of counsel as to the same, will be established on motion.

2. *Ejectment; Title to Support; Conveyance Pending Action.*—In order to recover in ejectment or the corresponding statutory real action, plaintiff must show title at the commencement of the suit, and up to the time of the trial; and if he voluntarily parts with the title pending the action, he cannot have judgment.

3. *Same; Requisites; Possession.*—To recover in ejectment, the plaintiff must show his right to the possession at the time of the commencement of the action, and up to the time of the trial.

4. *Same; Defense; Pleading.*—In ejectment a defendant may, by a plea of puis darrein continuance, set up matter appropriate to such special plea or present the same matter under the general issue.

APPEAL from Lawrence Circuit Court.

Heard before Hon. D. W. SPEAKE.

Ejectment by S. Roman, as trustee, against H. C. Lentz and others. Judgment for defendants, and plaintiff appeals. Affirmed.

O. KYLE, for appellant.

CALLAHAN & HARRIS, for appellee.

THOMAS, J.— (1) The cause is submitted on the motion to establish the bill of exceptions and the agreement of counsel as to same. The case was tried on the 8th day of December, 1914, and to the judge presiding at the trial the bill of exceptions was presented on January 13, 1915. It is the judgment of this court that the motion be granted, and that the bill of exceptions be, and it is hereby, established accordingly.

This is a statutory ejectment proceeding, instituted July 31, 1907, and service of process thereunder was effected on August 9, following. On September 2, 1907, the defendant filed the pleas of not guilty and the statute of limitations of three years. On June 4, 1913, defendants filed plea A, by which it was set up that the plaintiff had sold and conveyed the land sued for to the Cullman Property Company after the suit was brought. Plaintiff demurred to the plea, and the court overruled the demurrer. Upon issue joined, the plaintiff proved a paper title from the United States government on down to plaintiff. Defendants proved conveyance of the legal title to the land sued for, from plaintiff, S. Roman, as trustee, to the Cullman Property Company, on June 1, 1911, and rested. Thereupon the plaintiff offered to prove adverse possession of the land in defendants at the time of the execution of the deed by plaintiff to the Cullman Property Company. Defendants objected to this testimony, and the objection was sustained. To this action of the court the plaintiff excepted. This being all of the evidence, the court gave the general affirmative charge for the defendants.

(2, 3) It has long been the law that to recover in an action of ejectment, or in the corresponding statutory real action, the plaintff must show title at the commencement of the suit, and on to the time of the trial,

and also show, for the same time, the right of possession to the lands sued for.—*Rucker v. Jackson,* 180 Ala. 109, 60 South. 139, Ann. Cas. 1915C, 1058; *Rottenberry v. Brown et al.,* 142 Ala. 620, 38 South. 804; *Etowah M. Co. v. Carlisle,* 127 Ala. 663, 29 South. 7; *Cofer v. Schening,* 98 Ala. 338, 13 South. 123; *Bruce v. Bradshaw,* 69 Ala. 360; *Scranton v. Ballard,* 64 Ala. 402. If the plaintiff has voluntarily parted with the title to the property in suit during the pendency of the action, he cannot have judgment.—*Dobbs v. Hairston,* 80 Ala. 594, 2 South. 880; *Davis v. Curry,* 85 Ala. 133, 4 South. 734; *Brunson v. Morgan,* 86 Ala. 318, 5 South. 495; *Burnett v. Roman,* 192 Ala. 188, 68 South. 353.

(4) In *Etowah Mining Company v. Carlisle, supra,* it was declared that the defendant in ejectment had the option to set up matter appropriate to a special plea of puis darrein continuance by such plea, or put the same matter in issue under the general issue. In *Burnett v. Roman, supra,* a recent decision of this court, it was held that in statutory ejectment a conveyance of land in controversy, executed by the plaintiff pending the action and after the filing by the defendant of a plea of not guilty, and after the Code of 1907 (section 3839), providing that statutory ejectment may be brought in the name of the real owner, though he may have obtained his title by conveyance made by the grantor not in possession at the time of the execution of the conveyance, becomes effective and defeats a recovery; that the defendant may avail himself in defense of the suit.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.