159 So. 493

## WILSON v. FEDERAL LAND BANK OF NEW ORLEANS.
### 3 Div. 115.

Supreme Court of Alabama.
Jan. 24, 1935.

Rehearing Denied Feb. 28, 1935.

Huddleston, Glover & Jones, of Wetumpka, for appellant.

Goodwyn & Goodwyn, of Montgomery, for appellee.

GARDNER, Justice.

Statutory action of ejectment by appellee against appellant.

[1] Plaintiff's case rested upon a mortgage executed by defendant in February, 1930, the validity of which is not here in question. The mortgage was foreclosed under the pow-

er of sale therein contained, in April, 1932, and foreclosure deed duly executed, which was offered in evidence. State Bank of Elberta v. Peterson, 226 Ala. 13, 145 So. 154. The mortgage indebtedness was to run for a period of thirty years, the first installment becoming due November 1, 1930, and the remaining payments of that date of each succeeding year until the full amount was paid. Upon default in the payment of any installment, the mortgagee may declare the full amount due and payable, and proceed to a foreclosure. The foreclosure deed recites the default in payment, and that the full amount has been declared due and payable, as well as all other matters tending to show the regularity of the foreclosure sale. As against the mortgagor, the recitals in the foreclosure deed are prima facie true. Naugher v. Sparks, 110 Ala. 572, 18 So. 45.

■■ Defendant offered in evidence a mortgage on his crops executed by him to plaintiff in July, 1931, and to secure an indebtedness due October 1, 1931, objection to which was sustained. He stated that defendant proposed to show the personal property mortgage was executed pursuant to agreement with plaintiff; that it was to secure payments in arrears, the nonpayment of which produced the foreclosure; and that these payments would be considered as satisfied to the extent that the mortgage on the land would not be foreclosed until a date much later than the date on which it was foreclosed, and that, therefore, the foreclosure was premature and improper. But plaintiff's case did not rest upon due foreclosure, though proper to be shown in the orderly exposition of plaintiff's title. State Bank of Elberta v. Peterson, supra.

The land mortgage passed to plaintiff the legal title, and, though its language gives rise to the implication, the mortgagee is not to have immediate possession, yet the mortgagee is entitled to possession upon default and passage of the law day of the mortgage. "When one executes a mortgage on his land the legal title passes together with the right in the mortgagee to immediate possession, unless this right is postponed by the mortgage to the law day thereof. If so postponed, then the mortgagee has such right of possession after the law day, and has the legal title from the date of the mortgage." Cowart v. Aaron, 220 Ala. 35, 123 So. 229, 230.

The argument, therefore, for the admissibility of the crop mortgage appears to rest upon the assumption that the foreclosure was essential to plaintiff's recovery. Such is not the case, as pointed out in State Bank of Elberta v. Peterson, supra, and in Crabtree v. Price, 212 Ala. 387, 102 So. 605.

The suit was begun in September, 1932. The mortgage conveyed the legal title, and that the law day of the mortgage had passed, is not controverted. If the execution of the crop mortgage was under agreement to extend past-due payments beyond the date of foreclosure in April, 1932, this still would not tend to show the mortgage was not in default at the time of the commencement of the suit. And it is such default, and not the mere matter of foreclosure that determines the right to immediate possession. We find no error in this ruling.

■ For a recovery, plaintiff must show title at the commencement of the suit, and on to the time of trial. Rottenberry v. Brown, 142 Ala. 630, 38 So. 804.

■ Defendant offered in evidence a deed executed August 24, 1932, by plaintiff to one Lamberth embracing the land sued for, in answer to which plaintiff offered a mortgage by said Lamberth to plaintiff, embracing the same land and executed to it on the same date of the deed—August 24, 1932. The mortgage was self-proving, and properly admitted in evidence as going to show the reinvestment in plaintiff of the legal title simultaneously with the execution of its deed to said Lamberth, the mortgagor, and then to rebut the proof offered by defendant to show that plaintiff had by the deed parted with the legal title.

■■ The deed to Lamberth, offered by defendant, shows upon its face the history of the transaction, and expressly provides that said "deed in no wise affects the validity of the mortgage above described given to this bank by the said W. L. Lamberth, which is to secure the payment of the purchase price which constitutes the consideration for the execution of this warranty deed." Defendant argues that the law day of this latter mortgage of Lamberth to plaintiff bank had not passed when suit was brought, and, therefore, plaintiff did not show a right to immediate possession. But this argument has reference to the right of possession as to Lamberth, a third party. And the deed to Lamberth bearing date August, 24, 1932, shows on its face that in fact Lamberth was not himself to have immediate possession, the deed reciting: "The purchaser is to have possession on December 31, 1932, unless legal action is necessary to eject tenant, in which

event the bank agrees to take immediate action to give possession."

We are therefore of the opinion the mortgage of Lamberth to plaintiff bank sufficiently answers the evidence offered by defendant as to the deed executed to him by plaintiff, and that plaintiff has shown a legal title at the time of the commencement of the suit, and on to the time of trial. And that its immediate right to possession has been sufficiently made to appear by defendant's mortgage and the passage of the law day thereof. And the deed to Lamberth shows that as against Lamberth plaintiff retained the right of immediate possession so as to deliver the same to Lamberth, and prosecute suit therefor if necessary to that end.

■■ On motion for a new trial, defendant offered a copy of the record of the mortgage by Lamberth to plaintiff bank, wherein on the margin of the record there was an entry of satisfaction bearing date of September, 1935. We can see no relevancy such record has to the case, unless it be in the matter of newly discovered evidence. But the motion for a new trial has no such ground, and gives no indication thereof. And though such ground was assigned, there was no pretense of any excuse for a failure to offer the same on the trial of the cause, a matter here of peculiar significance in view of the fact that such a record entry, as between the parties, raises only prima facie a presumption of payment, and is not conclusive thereof. Burns v. Burns, 228 Ala. 61, 152 So. 48. But as the matter is here presented, such record entry is of no material bearing upon the case.

■ Nor do we discover reversible error in the action of the court as to the jury's verdict. The original verdict was returned in a sealed envelope during noon recess to a deputy sheriff, to be opened by the trial judge upon reconvening the court, all by agreement of counsel for the respective parties. It was so delivered to the trial judge upon reconvening the court, and he was of the opinion it was not in proper form. The finding was for the plaintiff, and doubtless the trial judge considered the omission of the words "for the land sued for," or language to like import, rendered the verdict improper in form. If so, such was an erroneous view. There was here but a single count, with issue joined on the plea of not guilty, with no disclaimer as to any part, and the verdict was referable only to said count. Under our decisions it was entirely sufficient in this respect. Chapman v. Holding, 60 Ala. 522; Hopkins v. Duggar, 204 Ala. 626, 87 So. 103.

■■ True the finding as to damages for detention, instead of being called damages were referred to as "rent." But this was a matter of no material importance, and readily understood. Webb v. Reynolds, 139 Ala. 398, 36 So. 15. The only proof in that regard had reference to rental value, and it may be added there was little difference of opinion as to such value. It may also be added that under the proof there was really no issue of fact as to plaintiff's right to recovery as to the land, and the affirmative charge might well have been given for the plaintiff, if requested. Defendant insists the language of the oral charge so indicates, and was an instruction on the effect of the evidence without such request. But there was no exception reserved to such language, and, in the absence of such exception, there is nothing here for review. Peterson v. State, 227 Ala. 361, 150 So. 156.

■ But to recur to the verdict. The trial judge, considering the verdict in improper form, and appearing to be of the impression the agreement of counsel had embraced the fact that it may be placed in proper form (which was a mistaken view, it seems), instructed the jury to bring in another verdict in proper form, which the jury proceeded to do, but defendant objected. Upon the defendant thus objecting, the court stated that he would proceed to accept the first verdict. This first verdict, as we have noted, was in sufficient good form, and there could be no objection to its acceptance. It appears, however, that the jury being told to place its verdict in better form, upon reconvening for that purpose, attempted to erase the writing of the first verdict. The trial court took this writing, partly obliterated, and proceeded to read it to the jury, and asked if that was such verdict, to which the foreman (one Durden), who had signed the same, responded in the affirmative in open court and the presence of the jury. Thereupon the court instructed said Durden to resign the verdict where his name had been erased. This he did, and the first and original verdict was entered as the judgment in the cause.

There is no pretense that as entered it was incorrect. It represented the true declaration of the jury. This no one controverts. The original verdict is here for our inspection. The writing as to a finding for the plaintiff is clear enough. That as to the "rents" or damages for detention is dim, but somewhat better discernible by the use of a magnifying glass. The trial court was mere-

ly entering the original verdict. Had' there been no attempt at obliteration, no question could here be presented, as there was no occasion for a second verdict.

Under our decisions there is no particular form in which a verdict may be rendered. It may be either oral or written. As said in City of Birmingham v. Hawkins, 196 Ala. 127, 72 So. 25, 27: "General verdicts are always sufficient, if they respond in substance to every material fact involved in the issue. And doing this, the court commits no error by putting the verdict in form. The verdict may be either written or oral, and it is always sufficient, if it respond substantially to the questions of the right issue or issues raised. All else is form, which the court can supply with or without the consent of the jury." See, also, to like effect, Gary v. Woodham, 103 Ala. 421, 15 So. 840.

Defendant suffered no prejudicial injury. The original verdict was merely reinstated and entered. To this there is no objection. We are therefore of the opinion no reversible error appears as to the verdict.

And upon consideration of the whole case, we discover no error to reverse. Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.