29 So.2d 879

DARBY et al. v. JONES.

4 Div. 452.

Supreme Court of Alabama.

April 10, 1947.

Ralph A. Clark, of Andalusia, for appellants.

Murphy & Cook and E. O. Baldwin, all of Andalusia, for appellee.

GARDNER, Chief Justice.

This is a statutory action in ejectment brought by appellants against the appellee for the recovery of lot 15, Block L, of Hart's Division of the town of Opp, Alabama. The trial was had before the court without a jury, upon plea of the general issue and disclaimer as to part of the lot. There was a judgment for the defendant, and the plaintiffs appeal.

It would appear from an examination of the record that defendant was resting largely upon possession for more than twenty years under claim of title, and offered to show color of title, which was excluded. Plaintiffs do not appear to have denied this long possession on defendant's part, but insisted that it was by acquiescence and consent, and that of consequence adverse claim could not be sustained. Lucas v. Scott, 247 Ala. 183, 24 So.2d 540.

The further argument is that the defendant, when a witness, made no categorical denial of such acquiescence, but in view of the sudden termination of the trial before the defendant had evidently completed his testimony, this matter of proof is left in some doubt. And we may add there was testimony of other witnesses tending to show this possession was adverse. However that may be, as we view it, that question is here unimportant.

■ It is the universal rule in ejectment that plaintiff can recover only on the strength of his own title and not on the weakness of that of his adversary. 19 C.J. 1039; 28 C.J.S., Ejectment, § 10, p. 856, where a list of authorities from this State are cited in the note.

Plaintiffs' evidence is to the effect that in February, 1911, a deed was executed by one Huggins to Charlie Blockton, John Morgan, and Nick Byrd, as Trustees of the African Methodist Episcopal Zion Church in America, of Opp, Covington County, Alabama, and to their associates and successors in office, conveying the lot here sued for. This deed contains the further recital: "In trust that said premises shall be used, kept, maintained, and disposed of as a place of Divine Worship for the use of the ministry and membership of the African Methodist Episcopal Zion Church in America; subject to the discipline, usage, and ministerial appointments of said Church, as from time to time authorized and declared by the General Conference of said Church, and the Annual Conference in whose bounds the said premises are situate."

■ Plaintiffs' evidence further tends to show that the aforesaid African Methodist Episcopal Zion Church was not then, and has never been, organized. We find, however, upon a study of the record, that the witness Brady Morgan testified positively that this church was in existence and that services were held on this lot for four or five years; that his father was a member, though witness was not, but he attended frequently. In any event, as an unincorpo-

rated society the said church was without capacity to acquire or hold title. Gewin v. Mt. Pilgrim Baptist Church, 166 Ala. 345, 51 So. 947, 139 Am.St.Rep. 41; Stewart v. White, 128 Ala. 202, 30 So. 526, 55 L.R.A. 211; Burke v. Roper, 79 Ala. 138; Street v. Pitts, 238 Ala. 531, 192 So. 258.

The evidence is to the effect that two of the trustees named in the deed above referred to have died and that Nick Byrd is the surviving trustee. As such surviving trustee, in June, 1944, Nick Byrd executed a quitclaim deed to C. A. and Carrie Darby, the plaintiffs in this cause. It is upon this deed plaintiffs seek to establish their title. The deed recites the facts as to Charlie Blockton, John Morgan and Nick Byrd being the duly qualified trustees of the church, and that as such trustees they did purchase the lot herein referred to. It further recites the death of Charlie Blockton and John Morgan, two of the trustees, and that said church had elected no successors to the two deceased trustees. There is further recital that the said church had ceased to exist as an organization, and that Nick Byrd, as the surviving trustee, in consideration of seventy-five dollars in hand paid, does convey by quitclaim the lot here sued for.

We think it quite evident that when the trust fails for any reason the trustee is not ordinarily entitled to the trust property for his own benefit. 54 Am.Jur. 91.

The deed conveying this property to the trustees contained no power of sale or disposition, and clear enough no such authority can be implied from the four quarters of the instrument. On the contrary, the instrument on its face shows that the property is to be held in trust, that the premises shall be kept and maintained as a place of divine worship for the use of the ministry and membership of the African Methodist Episcopal Zion Church in America, subject to the discipline and ministerial appointments of said church as authorized and declared by the General Conference of said church, as well as the Annual Conference in whose bounds the premises are situate.

Plaintiffs appear to rest their case upon the theory that the mere fact there is now no church, gave the surviving trustee

authority to dispose of the property for his own benefit. This is, in our opinion, an incorrect theory. The trust here was a passive trust, there were no active duties. When a deed of trust is made to trustees for such an unincorporated association the title is said to remain in the trustees as such though it be a passive trust. In such a situation the case of Stewart v. Pitts, supra, is authority for the conclusion that the trustees are without authority to sell the property free from the trust without authorization of a court of equity. See also 65 C.J. 730.

The vesting of title in the trustees in the instant case was "without any beneficial interest" to use the language of the court in Stoker v. Yerby, 11 Ala. 322. A court of equity, which exercises a general jurisdiction over trusts, has authority to deal with the property. Plaintiffs' deed from such surviving trustee was ineffective to pass title to the property here involved.

We are of the opinion, therefore, that all other questions aside, the plaintiffs failed to make out their case, and that the judgment was properly entered for the defendant.

The judgment, therefore, is due to be affirmed. It is so ordered.

Affirmed.

FOSTER, LAWSON, and STAKELY, JJ., concur.