41 So.2d 403

**VAUGHN et ux. v. PANSEY FRIENDSHIP PRIMITIVE BAPTIST CHURCH et al.**

**4 Div. 503.**

Supreme Court of Alabama.

June 23, 1949.

440

Oscar L. Tompkins, of Dothan, for appellants.

J. Hubert Farmer, of Dothan, for appellee.

LIVINGSTON, Justice.

This appeal is from separate decrees overruling appellants' separate demurrers to appellees' bill of complaint as amended.

The bill in substance avers that the Pansey Friendship Primitive Baptist Church has existed as a church of the Primitive Baptist faith and order continuously from the year 1894 to the present time; that a church building or house of worship was constructed by and for said church on a lot of land about one acre in area, describing it; that thereafter, on or about the month of April, 1905, said church acquired by deed from one Tom Howard one acre, more or less, adjoining the land on which the church was erected; that respondents, J. W. Vaughn and Maggie Vaughn, are husband and wife; that Maggie Vaughn is said to own lands adjoining the church property; that said church has been in possession of and used the Howard land as a part of its church grounds since the date of its acquisition until sometime in the year 1946, at which time the respondent J. W. Vaughn constructed or caused to be constructed a fence across said church ground fencing off from the church building and the other church property the one acre acquired from Howard,—the same being done without the knowledge or consent of said church; and that respondents have been in the possession of said Howard acre since it was fenced off, and although requested to do so have refused to remove said fence or restore possession of said land to said church.

Appellees' pray for a mandatory injunction requiring respondents to remove the fence, a permanent injunction restraining respondents from further trespassing on said church property, and damages for the alleged cutting of certain trees by respondents.

The bill of complaint as amended consists of paragraphs 1, 2, A, B and C. Each respondent addressed demurrers to the bill as a whole; and further they treat paragraphs A, B and C as separate aspects of the bill and direct their separate demurrer to each aspect, separately and severally.

Whether or not a bill is single in scope and purpose or presents a case in more than one aspect must be determined from its allegations of fact. And when complainant's bill presents a state of facts entitling him to equitable relief, relating to the same subject-matter and dealings between the same parties, single in its scope and purpose, it cannot be divided up into separate aspects by the manner in which respondents address their demurrers thereto. Smith-Howard Gin Co. v. Ogletree, 251 Ala. 366, 37 So.2d 507.

This bill is single in its scope and purpose and, therefore, the demurrers filed go to the sufficiency of the bill as a whole. Smith-Howard Gin Co. v. Ogletree, supra.

The only serious question raised by demurrer is whether or not appellees have an adequate remedy at law.

An unincorporated association has the power to sue and be sued at law. Section 142, Title 7, Code. Such an association, however, is without capacity to acquire and hold legal title to real property. Stewart v. White, 128 Ala. 202, 30 So. 526, 55 L.R.A. 211; Street v. Pitts, 238 Ala. 531, 192 So. 258; Darby et al. v. Jones, 249 Ala. 104, 29 So.2d 879. This disability alone would prevent the association from maintaining an action of ejectment.

As we construe the bill its purpose and theory is to involve a well recognized phase of equity jurisdiction—the prevention of the diversion of property from de-

votion to a lawful trust. This Court has consistently held that equity courts will lend aid to protect and preserve charitable and religious trust properties. Carter v. Balfour's Adm'r, 19 Ala. 814; Williams v. Pearson, 38 Ala. 299; Burke v. Roper, 79 Ala. 138; Gewin v. Mt. Pilgrim Baptist Church, 166 Ala. 345, 51 So. 947, 139 Am. St.Rep. 41; Morgan v. Gabard, 176 Ala. 568, 58 So. 902;. Manning v. Yeager, 201 Ala. 599, 79 So. 19; Blount v. Sixteenth Street Baptist Church, 206 Ala. 423, 90 So. 602; Mitchell v. Church of Christ at Mt. Olive, 219 Ala. 322, 122 So. 341; Sentell v. Friendship Baptist Church No. 2, 214 Ala. 584, 108 So. 517.

This Court has also recognized the harmful effect of trespass to church edifices, and has distinguished such a trespass from a trespass to other property. In Christian Church of Huntsville et al. v. Sommer et al., 149 Ala. 145, 43 So. 8, 10, 8 L.R.A., N.S., 1031, 123 Am.St.Rep. 27, the Court said:

"We are of the opinion that this bill has equity. Church edifices are a different class of property from that usually sought to be protected against trespassers. There are two distinguishing characteristics: The use to which the church building is devoted; and the want of commercial purpose in the possession thereof by the church. The church building is acquired and maintained for the worship of God. It is obvious that a trespass against such property—a trespass the natural result of which is to interfere with and disturb, if not defeat, such worship in the church building—involves the use, resting upon the property right, and if committed, would work irreparable injury; the reason being that a violation of the right and privilege to peaceably worship in the place therefor is wholly incapable of compensation in damages. There is no standard for, or, method of, ascertainment of such damages, and yet the member, corporator, and trustee have a right to the benefit of the use arising from the possession of such trust estate, and, in the protection of that right against strangers, the powers of a court of equity may be invoked. Besides, the undisturbed control, management, and possession of the property itself must be protected against invasion by strangers, since, without the power of control and management, the use would be vain—the great purpose jeopardized."

The foregoing principle as to church edifices should with equal propriety extend to church property adjacent to the church building and used in conjunction with church activities.

The averments of the bill under either of the theories noted are sufficient to invoke equity jurisdiction, and the decrees overruling the separate demurrers. are affirmed.

Affirmed.

BROWN, FOSTER and SIMPSON, JJ., concur.