264 So.2d 153

**ENTERPRISE LODGE NUMBER 352 OF the KNIGHTS OF PYTHIAS, INC., an Association**

v.

**FIRST BAPTIST CHURCH (COLORED) OF EVERGREEN, Alabama.**

3 Div. 501.

Supreme Court of Alabama.

June 29, 1972.

Rehearing Denied July 27, 1972.

Arthur D. Shores, Birmingham, Edwin C. Page, Jr., Evergreen, for appellant.

William D. Melton, Evergreen, for appellee.

McCALL, Justice.

The appellee, the First Baptist Church (Colored) of Evergreen, Alabama, an unincorporated religious association, the plaintiff below, brought an action in the nature of ejectment, in the name of the association alone, against the appellant, the Enterprise Lodge Number 352 of the Knights of Pythias, Inc., and Ellis Jackson in the Circuit Court of Conecuh County, Alabama. The litigation seeks to recover possession of a parcel of land on which a two-story building was erected. The defendants pled the general issue, not guilty. There was a jury verdict and judgment entered thereon in favor of the plaintiff for the possession of the property sued for. After filing a motion for a new trial, which was overruled and denied, the defendant lodge appeals.

The appellee claimed title to the land in issue under a 1956 deed from certain named individuals, as Trustees of the Evergreen District Colored Baptist Association, to James Presley, O. F. Frazier, and Ellis Jackson, as Trustees of the First Baptist Church (Colored) of Evergreen, Alabama. The appellant lodge based its title to the property on a claim of adverse possession. As a muniment of record title into it, the appellee introduced the aforementioned deed into evidence.

The appellant contends the trial court erred in refusing to give, in its behalf, the affirmative charge with hypothesis which it requested in writing at the close of the evidence. The basis of its argument is that the appellee church is an unincorporated association which is incapable of holding legal title to real property, and this being the case, the appellee failed to prove title in it. The appellant insists that the 1956 deed purports on its face to convey the legal title to the contested property to the named trustees for the appellee, and to their successors in office, and not to the First Baptist Church (Colored) of Evergreen, Alabama. Such argument has merit.

It is well established in this jurisdiction that a church association, which is unincorporated, though capable of suing and being sued, Tit. 7, § 142, Code of Alabama, Recompiled 1958, is without capacity to acquire or hold legal title to land in its association name. Arnold v. Methodist Episcopal Church, 281 Ala. 297, 300, 202 So.2d 83; Johnson v. Sweeney's Lane Church of God, Inc., 270 Ala. 260, 116 So. 2d 899; Vaughn v. Pansey Friendship Primitive Baptist Church, 252 Ala. 439, 441, 41 So.2d 403; McLean v. Church of God, 254 Ala. 134, 47 So.2d 257; Darby v. Jones, 249 Ala. 104, 29 So.2d 879; Gewin v. Mt. Pilgrim Baptist Church, 166 Ala. 345, 51 So. 947; Stewart v. White, 128 Ala. 202, 30 So. 526. A prerequisite to recovery in a statutory ejectment action is that it must appear that the plaintiff held legal title when the suit was commenced and on to the time of trial. Morris v. Yancey, 267 Ala. 657, 104 So.2d 553; Wilson v. Federal Land Bank of New Orleans, 230 Ala. 75, 159 So. 493; Carpenter v. Joiner, 151 Ala. 454, 44 So. 424; Bruce v. Bradshaw, 69 Ala. 360; Scranton v. Ballard, 64 Ala. 402. A plaintiff in such an action cannot recover where it shows no legal title, whether the defendant's title be valid or not. Stephens v. Moore, 116 Ala. 397, 22 So. 542; Rottenberry v. Brown, 142 Ala. 630, 38 So. 804; Roman v. Lentz, 194 Ala. 610, 69 So. 827; Wilson v. Federal Land Bank of New Orleans, supra.

Therefore, we hold that an unincorporated association, because it lacks the capacity to hold legal title to real estate, cannot maintain an action in the nature of ejectment in the name of the association, notwithstanding the fact that Tit. 7, § 142, Code of Alabama, 1940, allows an unincorporated association to sue and be sued in its own name. This court, by way of dicta, has stated on previous occasions that the plaintiff's incapacity to acquire or hold legal title to the land alone would prevent it from maintaining an action of ejectment. See Arnold v. Methodist Episcopal Church, 281 Ala. 297, 202 So.2d 83; Vaughn v. Pansey Friendship Primitive Baptist Church, 252 Ala. 439, 41 So.2d 403. The trial court committed reversible error in refusing the appellant's request for the affirmative charge with hypothesis. Jackson Lumber Co. v. McCreary, 137 Ala. 278, 34 So. 850; Stephens v. Moore, 116 Ala. 397, 22 So. 542.

Since the appellant was due the charge, the other issues on this appeal are moot.

The appellee's motion to strike the transcript of record because it was not timely filed is without merit. The circuit court clerk's certificate of appeal shows that judgment was entered on the jury verdict on September 16, 1970. The motion for the new trial was presented to the trial judge on October 14, 1970. The court properly continued the motion until December 4, 1970, when it took it under advisement. The motion was denied June 21, 1971. This appeal was taken on October 1, 1971. The transcript of evidence was filed by the court reporter with the circuit clerk on October 20, 1971, and the transcript of record was filed with the clerk of the Supreme Court on November 29, 1971. Therefore the appeal was properly and timely perfected. McCulley v. Stroud, 286 Ala. 515, 243 So.2d 28.

The judgment of the lower court is due to be reversed.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, COLEMAN, HARWOOD and BLOODWORTH, JJ., concur.