SHORES, Justice.
Relying upon a quitclaim deed from the State of Alabama dated February 18, 1976, the plaintiff brought an action of ejectment for the recovery of forty acres of land in the possession of the defendant in Blount County. The defendant denied the plaintiff’s claim and sought to have the court quiet title in the defendant. The court granted the defendant’s motion for summary judgment and the plaintiff appealed. The following facts are undisputed:
On June 13, 1921, the state bid in for alleged delinquent taxes of $7.80 on the forty acres involved; it issued the quitclaim deed dated February 18,1976, to the plaintiff; on September 2, 1976, the Tax Collector of Blount County certified that the 1921 tax sale was erroneous; on October 29, 1976, the State Land Commissioner approved the cancellation of the 1921 sale and authorized the probate judge to cancel the same upon the records; and on March 2, 1977, the probate judge entered a cancellation of the 1921 sale; all pursuant to Title 51, § 338(1), Code:
“Where real estate is erroneously sold for taxes, and the state became the purchaser thereof, it shall be the duty of the tax collector of the county in which the real estate is situated to prepare and issue a certificate setting forth the following facts: (a) a correct description of the real estate sold and purchased by the state, (b) that the sale was erroneous and *1160 the reason therefor and (c) the present owner of the property, if known. This certificate shall be forthwith forwarded to the land commissioner of the state and, if it is determined by him that the facts therein set out are true and correct, he shall approve the same and forward the same to the judge of probate of the county in which the property is situated, who shall note on the margin of the record of such sale the fact that the land commissioner has approved the cancellation of the same and he shall mark the sale void and sign his name as judge of probate to his certificate voiding the same.”
It is not disputed that this statute has been complied with, to the letter. The plaintiff, therefore, cannot recover, as a matter of law, in his action of ejectment based upon the quitclaim deed from the state:
“. . .A prerequisite to recovery in a statutory ejectment action is that it must appear that the plaintiff held legal title when the suit was commenced and on to the time of trial. . . . ” Enterprise Lodge No. 352 v. First Baptist Church, 288 Ala. 592, 594, 264 So.2d 153 (1972); citing Morris v. Yancey, 267 Ala. 657, 104 So.2d 553 (1958); Wilson v. Federal Land Bank of New Orleans, 230 Ala. 75, 159 So. 493 (1935); Carpenter v. Joiner, 151 Ala. 454, 44 So. 424 (1907); Bruce v. Bradshaw, 69 Ala. 360 (1881); and Scranton v. Ballard, 64 Ala. 402 (1879).
The plaintiff, by the quitclaim deed, took only such title as the state had. Since the state had no legal title to the property because the tax sale was erroneous, it follows that the plaintiff had none at the time the court granted the defendant’s motion for summary judgment. Under these circumstances, the plaintiff cannot recover whether the defendant’s title is valid or not. Stephens v. Moore, 116 Ala. 397, 22 So. 542 (1896).
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.