San Juan Fruit Co. v. Carrillo.

# SAN JUAN FRUIT COMPANY, Plffs.,

*v.*

# SALOME CARRILLO ET AL., Dfts.

San Juan, Law, No. 1018.

### RULINGS OF ADMISSION OF EVIDENCE.

Plans—Admission in Evidence.

1. If a plan is made part of the complaint, and not denied, it will be admitted in evidence. A witness may draw a plan, while on the witness stand, of what he has seen or witnessed, and may also adopt a plan he has made previously, and it then becomes a part of his testimony. Sec. 286 of the Code of Civil Procedure applies where there is a dispute as to boundary, and particularly where one party is prevented from making a survey.

Admissions as to Former Suit.

2. Certain records in a former suit set up as *res judicata* having been lost, evidence will be admitted to show admissions on the part of defendants that such suit related to the *res in quo.*

Subpoena Duces Tecum to Secretary of Local Court.

3. If the secretary of an insular district court voluntarily appears in obedience to a subpoena duces tecum, and raises no question as to the jurisdiction or propriety of this court to order his attendance as a witness, an objection on such grounds by one of the parties to the case will be overruled.

Proof of Signature to Deed.

4. Evidence will not be admitted to prove the signature of a subscribing witness to a deed unless the failure of such subscribing witness to appear is properly shown.

Admissibility of "Dominio" title.

5. A "dominio" title to the *res in quo* obtained by defendant after the filing of a suit to revindicate the same will not be admitted to prove title in defendant or as a link in his title, but it will be taken into consideration in determining the question of defendant's good faith in his possession of the property.

San Juan Fruit Co. v. Carrillo.

**Evidence on Set-Off Alleged.**

6. Evidence will not be admitted to show the extent of improvements made by defendant in order that he may recover the value thereof by way of set-off or counterclaim as such claim was not set forth in defendant's answer.

Opinions filed June 29, 30, July 1, 1915.

*Mr. E. B. Wilcox* for plaintiff.

*Messrs. H. G. Molina* and *R. J. Van Deusen* for defendants.

HAMILTON, Judge, delivered the following opinion:

As to the Admission of a Plan Offered by Plaintiff.

1. In the first place, if the plan is made a part of the complaint and referred to in the complaint that is before the court, then it becomes a part of the complaint, and, unless the answer denies it, it may be a serious question as to whether it is not admitted. If it is denied, that simply puts it in issue, and it is there like any other part of the complaint and must be proved.

In the second place, as to the admission of plans, that has come up before the court a number of times, and has received consideration from a number of points of view. It seems to be the law that a witness can take a piece of paper and draw a plan, even if he is not an expert, of what he says he has seen or witnessed, and when he does that on the stand or when he adopts on the stand what he has done outside, that becomes a part of his testimony and stands or falls upon his own credibility. That has been done a number of times in this court.

VIII. Porto Rico—12.

San Juan Fruit Co. v. Carrillo.

In the third place, as to § 286 of the Code of Civil Procedure, that has its part to play in local procedure. The court does not question its validity, and it is perfectly ready to follow it in any proper shape. It seems to apply, however, in a somewhat different state of circumstances, where there is a dispute between the parties as to boundaries or otherwise, and particularly where one party is not permitted by the other to go on the land and make the survey. That does not seem to be this case. There is no evidence whatever that there was any opposition to this surveyor's going on this land. On the contrary, it seems that some of the parties defendant were present at his survey. So, on the whole, the court admits the plan.

San Juan, P. R., June 29, 1915.

## As to Offer of Plaintiff to Prove Admissions Made by Defendants as to a Former Suit.

2. It seems to me that the case is about as follows: Here is alleged to be a proceeding which may be *res judicata* or be admissible in this case for some purpose. If the record was produced, that would be the best evidence. The papers are in part lost. The complaint is lost, and the judgment is not clear. There is enough in it possibly to throw some light on the issue, but it is not full. The line of interrogation is directed, not to supply the contents of the complaint, but to show the admission by the defendants themselves that that suit related to the land now in controversy. In other words, it is not supplying the complaint at all. It is going beyond that. It is tending to show an admission against interest by the defendants in

San Juan Fruit Co. v. Carrillo.

that case. The case is a little unusual because of the loss of papers, and the only way to supply the gap, possibly, is by little bits of evidence pieced together. I will overrule the objection.

There is also this difficulty. Counsel will bear it in mind. Here are a dozen or more defendants. An admission against interest by one does not control the others. Counsel will have to figure that out the best he can.

San Juan, P. R., June 29, 1915.

## As to Subpœna Duces Tecum Issued to Clerk of Another Court.

3. If any clerk should come here and raise an objection to a subpœna duces tecum, I think I should have to sustain it, but not one by a party to the case. This is simply a question of courtesy between courts, and has nothing to do with the trial of this case or any other case. I would not force a judge of another court to come here to testify. That would be an extreme case, but the principle is the same, and I do not see how I could make a clerk come.

That particular point was argued at great length and passed on in the Cerecedo Case. There certain papers had been obtained, possibly by an illegal search of the defendant's premises, and the Supreme Court of the United States has held that in such cases, where application is duly made by the owner of the papers, they will be returned to him and will not be used in evidence against him, but that this application has to be made at a certain time before going into the case, and if the objection is not made at the proper time and the papers are

actually offered in the case, it is too late to raise it.   The same principle applies here.

San Juan, P. R., June 30, 1915.

## As to Method of Proving Signature to a Deed.

4. An objection brings up the question of the proper way to prove a signature to a deed.   It seems that this is a deed from Teresa de Santiago to Balbino Araujo by authority of her husband Antonio Pascual.   The grantor does not sign.   The purchaser does not sign.   There is a witness, and the witness is not produced, nor his absence accounted for.   His signature is proved, but no reason is shown why he himself is not called. The ordinary rule is that when parties agree upon a certain witness to a transaction, that witness must be called or he must be proved to be dead before you can go into proof of his signature.   I am aware that there is a difference in procedure in the Spanish system as to signatures by a purchaser and seller. The parties are represented sometimes by others.   I am not shown what the law is, though, as to the form of representation. However, the objection is not made on that ground.   It is simply on the ground of the execution.

The objection will be sustained unless the absence of the witness is accounted for.

San Juan, P. R., June 30, 1915.

## As to the Offer of a Judgment of Another Court Bearing Date Subsequent to the Date of Filing of this Suit.

5. This situation is presented.   It is familiar law that the

San Juan Fruit Co. v. Carrillo.

plaintiff must recover on his title at the time of the suit brought and continuing up to the time of the trial. This is in Scranton v. Ballard, 64 Ala. 402, but is good law everywhere. That is as to the plaintiff. On principle it would seem as if that ought to apply to the defendant also, but there is this distinction. The defendant may defeat the plaintiff's title by plea since last continuance, and under that may show title acquired or perfected since the suit. That is common-law procedure, and we do not have common-law procedure here. It is Code procedure, based on common law.

It seems to me only right, if one is going to introduce a title that has been acquired since the suit, that there should be some form of notification to the other side in order to conform to this common-law principle as to plea *puis darrein continuance*. So I sustain the objection to this paper as a link in the title, but it is admitted for the purpose of showing good faith, if that is material in the case. It is not admitted as an element of title in any sense, but the question of good faith playing such a large part under the local law, and the execution of this being before the inception of the present suit, it seems to me that it would be admissible for that purpose.

San Juan, P. R., July 1, 1915.

### As to Proof in Regard to Improvements Made by Defendant in the Absence of Counterclaim.

6. Counsel stated that the object of a question and the series of questions with which it will be connected is to show improvements made by the defendant with a view to an allowance in the way of set-off or counterclaim, or whatever may be the

proper practice, for a valuable house erected on the premises in good faith. The objection is made that this counterclaim should be mentioned in the answer. The answer has been read and it speaks of good faith and it speaks of a number of things, but one thing it does not mention is the improvements placed on the land and a counterclaim therefor. The plaintiff may not be surprised so far as knowing that there were certain improvements made. It may have been known to him personally; it may have come out on the evidence previously, but he may be surprised that there is going to be any money claim connected with it.

The Code of Civil Procedure, § 110, says: "The answer of the defendant shall contain: 1. A general or specific denial of the material allegations of the complaint controverted by the defendant."

This would not come under that head.

"2. A statement of any new matter constituting a defense or counterclaim."

"Sec. 111. The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action: 1. A cause of action arising out of the transaction set forth in the complaint, as the foundation of the plaintiff's claim, or connected with the subject of the action."

It would seem that that is the clause under which this claim would come up.

"2. In an action arising upon contract, any other cause of action arising also upon contract and existing at the commencement of the action."

San Juan Fruit Co. v. Carrillo.

"Sec. 112. If the defendant omit to set up a counterclaim in the cases mentioned in the first subdivision of the last section, neither he nor his assigns can afterwards maintain an action against the plaintiff therefor."

It would seem as if this is such a counterclaim as should be set up in the answer if the defendant intends to take anything by that counterclaim, so that the objection seems to be well taken. However, the pleadings, so far as this defendant is concerned, having been hurried in order to try the case, I would permit the amendment of the answer upon terms if the party sees fit to apply for it, if not, the objection is sustained. It would have to be upon the terms of the costs so far as concern his connection with the case.

San Juan, P. R., July 1, 1915.