# Gewin *et. al. v.* Mt. Pilgrim Baptist Church.

### *Bill for Specific Performance.*

(Decided Dec. 16, 1909. Rehearing denied Feb. 26, 1910.
51 South. 947.)

1. *Religious Society; Right to Hold Property.*—An unincorporated religious society cannot acquire or hold title to property.

2. *Same; Equitable Jurisdiction.*—Independently of the English statute of charitable uses, and of any prerogative power of the court, equity jurisdiction over voluntary religious associations and their property is maintained on the grounds of the trust nature of the property the charitable uses for which it is designed, and the inadequacy of legal remedy; hence, equity has power to compel the performance of an agreement to convey land made to the trustees of the society before it was incorporated, upon the application of the incorporated religious society.

3. *Same; Property; Effect of Incorporation.*—An organization under the statute by a majority of the members of an unincorporated religious society into a corporated religious society, operates of itself as a transfer of the rights and interests of the individual members to the corporation thus created.

4. *Same; Incorporation; Agreements to Convey; Rights of Minority.*—Where a voluntary religious society of the Baptist faith with power to rule itself in accordance with the laws of the church divides upon questions not of religious doctrine or denominational practice, and the majority thereof organized as a corporation and maintained the same doctrine as the church had before the schism, the minority cannot defeat the rights of the corporation to have an agreement performed by a conveyance to the corporation, the agreement being to convey land to the church and made to the trustees of the church, before incorporation.

5. *Same; Membership; Judicial Control.*—Courts are without power to revise ordinary acts of church discipline, or to pass on controverted rights of membership, but such matters are given consideration when they form the basis on which civil rights or the rights of property depend.

6. *Charities; Conveyance to Religious Society.*—In strictness an agreement to convey property to the trustees of an unincorporated religious society does not create a charitable use.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by the Mt. Pilgrim Baptist Church against W. C. Gewin and others for the specific performance of a contract to convey. Decree for complainants and respondents appeal. Affirmed.

ARTHUR L. BROWN, and BUSH & BUSH, for appellants. The church could not take and hold the property at the time the bond for title was made, and one corporation, the successor of another does not succeed to rights which the former corporation by lack of capacity would be unable to enforce.—*S. & N. Ala. R. R. Co. v. H. A. & B. R. R. Co.,* 119 Ala. 105. Deman and Spencer were the only trustees after Porter and the others had been turned out of the church.—*Hundley v. Collins,* 131 Ala. 234. Unless the trustees consented to the corporation no title vested in the corporation.—24 A. & Enc. of Law, 362. A trust must be for the benefit of all, and it could

not be taken for the sole benefit of the members of the church as distinguished from other members of the same church, nor for the benefit of any portion of the corporators to the exclusion of others.—24 A. & E. Enc. of Law, 661.

C. B. POWELL, for appellee. No brief came to the Reporter.

SAYRE, J.—At a time when Mt. Pilgrim Baptist Church was an unincorporated religious society, Messrs. Gewin and McGahey contracted to sell to Spencer and others, trustees for the church, a certain lot at Cleveland upon which it was proposed to erect a church building. At that time the services of the church were being held at another place. Schism intervened. The church divided into factions; each having its own pastor, and each claiming to be the true Mt. Pilgrim Church. But before differences became irreconcilable payments on the new lot were completed by or for the church, and the old churchhouse was burned. Shortly afterwards, when the contest had taken definite shape, the church was incorporated by the filing of a petition by Gray and others for incorporation under the statute. This bill is filed by the incorporated church, and seeks a decree requiring Gewin and McGahey to specifically perform their contract by executing a deed of conveyance of the lot to the incorporated church, that its title to the property be quieted against the claims of the defendants, and that the defendants be enjoined from holding religious services in the name of the complainant church, from collecting money in the name of the church, and from trespassing upon or interfering with the property of the church. Messrs. Gewin and McGahey in their answer avow their willingness and read-

348 SUPREME COURT [Vol.

iness to convey if they only may be informed as to whom they ought in equity to convey.

The unincorporated society was without capacity to acquire or hold title.—*Stewart v. White,* 128 Ala. 202, 30 South. 526, 55 L. R. A. 211. Nor did the conveyance to trustees—or, rather, the agreement to convey—for the unincorporated society in strictness create a charitable use. Nevertheless, the jurisdiction of the chancery court over such voluntary associations and their property is maintained in this state, independently of the English statute of charitable uses and of any prerogative power of the court, on the ground of the trust nature of the property, the charitable uses for which it is designed, and the inadequacy of legal remedies.— *Burke v. Roper,* 79 Ala. 138; *Williams v. Pearson,* 38 Ala. 299; *Carter v. Balfour,* 19 Ala. 814. Equity must therefore have power to compel a conveyance to the incorporated church. This will not involve the court in the impossible function of making a contract for the parties, nor require the performance of a contract differently from its agreed terms. An organization, under the statute, by the majority of a society, operates ipso facto as a transfer of the rights and interests of individual members to the corporation thereby created.— *Happy v. Morton,* 33 Ill. 398. The incorporated church has succeeded to all the rights of the unincorporated church. The successor is the sole beneficiary of the contract entered upon by the trustees. The effort to enforce the contract necessarily involves an inquiry as to which of the factions stands for the true Mt. Pilgrim Church. It would be unseemly and abhorrent to justice that such a question should be determined by the result of a race of diligence in securing an incorporation under the statute. The two factions of this church are not divided on any question of religious doctrine or denom-

inational practice. They seem more intent upon the use of a name, and they evidently attach importance to the possession of the property of the church. The Baptist church is congregational in its policy. It is democratic in its organization. It is the right of each congregation to rule itself in accordance with the law of the church. The will of the majority having been expressed, it becomes the minority to submit. There are no appelate judicatories. A majority of the church in question had the right to determine whether the incorporation should be had. If it was had in accordance with the will of the majority, that will must be given effect here, else there would be no remedy for a wrong affecting property rights. It must be conceded that the courts have no power to revise ordinary acts of church discipline or pass upon controverted rights of membership.—*Hundley v. Collins,* 131 Ala. 234, 32 South. 575, 90 Am. St. Rep. 33. But such considerations are attended to when they form the basis upon which civil rights and rights of property depend. While the courts cannot decide who ought to be members, they may inquire whether any disputed act of the church affecting property rights was the act of the church, or of persons having no authority.—*Bouldin v. Alexander,* 15 Wall. 131, 21 L. Ed. 69. Where factional divisions occur in an ecclesiastical body, the rule of the civil courts is that "the title to church property * * * is in that part of it which is acting in harmony with its own law, and the ecclesiastical laws, and usages, customs, and principles which are accepted among them before the dispute began, are the standards for determining which party is right."— *Reorganized Church of Jesus Christ v. Church of Jesus Christ,* (C. C.) 60 Fed. 937, citing *McRoberts v. Moudy,* 19 Mo. App. 26; *Roshi's Appeal,* 69 Pa. 462, 8 Am. Rep. 275; *Baker v. Fales,* 16 Mass. 488; *White Lick Quarter-*

*ly Meeting of Friends v. White Lick Quarterly Meeting of Friends*, 89 Ind. 136. It must follow that where a minority withdraws from a church, organized and governed as is the Baptist church, it relinquishes all right in the property of the church abandoned, and the court, being properly invoked, must so declare.

Appellants insist that they are the majority. A careful reading of the evidence does not lead us to that conclusion. The statute imposes no formalities in respect to proceedings for the election of trustees or instructing them to proceed for the incorporation of a church. Nor does the law of the church, so far as we have been informed. In this case we have discovered nothing unfair in the proceedings. The appellants seem to have been in the minority and seem to have accepted for a time the role of secessionists. They had excommunicated about 20 per centum of the membership, including those who were elected by the appellee faction to the place of trustees. But this exclusion was without trial or ceremony, and was not recognized by the church as a whole nor by the persons excluded.

On the whole evidence, our conclusion is that the chancellor decreed properly, and his decree will be affirmed. The appellants, Rogers, Spencer, and Demand must pay the costs of appeal in this court and in the court below.

Affirmed.

ANDERSON, McCLELLAN, and EVANS, JJ., concur.