# Walker, *et al.* v. McPherson, *et al.*

### Bill to Determine Title to Church Property.

(Decided December 21, 1916. Rehearing denied Feb. 15, 1917.
74 South. 449.)

1. **Religious Societies; Incorporation; Regularity.**—The fact that a church had previously petitioned the higher authorities of the denomination for permission to consolidate with another local church, the trustees filing the certificate of incorporation being among those who signed the petition for consolidation, did not affect the regularity of the incorporation.

2. **Religious Societies; Property; Effect of Incorporation.**—When a church became incorporated the corporation thereby succeeded to all the rights of the unincorporated body, including title to real estate held in the name of its trustees, and hence upon the regular election of new trustees after the incorporation, the old trustees had no further control over or title to the property or right to maintain suit concerning it.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Bill by J. F. McPherson and others against J. E. Walker and others to determine title to church property. Decree from complainants and respondents appeal. Reversed and rendered.

PINKNEY SCOTT for appellant. C. L. ODELL for appellee.

GARDNER, J.—In the year 1900 the Bessemer Land & Improvement Company, for the sum of $500, conveyed to James

[Walker, et al. v. McPherson, et al.]

Eastis, W. S. McCulley, R. S. Hickman, George G. Mingea, and J. F. McPherson, "trustees of the First Cumberland Presbyterian Church, Bessemer, Ala.," certain lots situated in Bessemer. The above-named parties were duly appointed trustees of said church, an unincorporated religious body. Two of the trustees, McCulley and Mingea, are now deceased.

It is averred in the bill in this cause, and admitted in the answer, that the above-named church was a branch of the "Cumberland Presbyterian Church in the United States," and that subsequent to said conveyance the "Cumberland Presbyterian Church in the United States" united with the general religious body known as the "Presbyterian Church in the United States of America," and the Bessemer organization thereupon became "the First Presbyterian Church U. S. A., of Bessemer, Ala."

There was also located in Bessemer a church known as "the First Presbyterian Church U. S., of Bessemer," a branch of what is commonly called the Southern Presbyterian Church. In 1908 said Cumberland or First Presbyterian Church U. S. A. was without a pastor and unable to maintain regular services. The First Church U. S. (being of a distinct denomination and having the stronger of the two congregations), was at this time considering the erection of a new church building and, it being apparent that there was not in Bessemer sufficient field for the successful work of two churches of practically the same faith, a proposition was made to unite the two, under the name of the "First Presbyterian Church of Bessemer," as a branch of the Southern or Presbyterian Church U. S. It was proposed that each church sell the property then occupied by it, and that the combined proceeds be used in the erection of a modern church building to be located on a lot owned by the First Church U. S. J. F. McPherson, one of the trustees and the only ruling elder of the First Church U. S. A., called a congregational meeting, by published notice, for the consideration of this proposition; and while there is no record evidence of this meeting, it is claimed that such was duly held, and that the members present unanimously expressed their desire for the consolidation, and signed a petition (which is attached as 'Exhibit B" to the bill of complaint) addressed to the Birmingham Presbytery, which reads as follows:

"Bessemer, Ala., Dec. 15, 1908. To the Birmingham Presbytery of the Presbyterian Church U. S. A.—Greetings: We, the undersigned members of the First Presbyterian Church

[Walker, et al. v. McPherson, et al.]

U. S. A., formerly the First Cumberland Presbyterian Church of Bessemer, Ala., believing that it would be to the best interest of our Church and the advancement of Christ's kingdom in our midst to join with the First Presbyterian Church U. S. (Southern), of Bessemer, respectfully request your permission to do so and to take our church property with us.   *   *   *"

After the aforesaid action of the First Church U. S. A., the First Church U. S., proceeded with the erection of the proposed new church building, and contracted indebtedness on the faith and credit of obtaining the proceeds of the sale of said Cumberland Church property.

Rev. R. L. Walker, one of the respondents here, becoming a member of the Birmingham Presbytery at about this time, took an active part, in July, 1909, in resisting before the Presbytery the above-quoted petition, and finally secured unfavorable action thereon. In the meantime no disposition was made of the property in question, and while many of the members had united with the First Church, U. S., and others had gone elsewhere, a few still remained with the old church.

At the time of the proposed consolidation the First Church U. S. A. had no indebtedness. After the unfavorable action of the Presbytery, Rev. H. L. Walker, under direction of the chairman of the Home Mission Committee of the Presbyterian Church U. S. A. took charge of the said Bessemer church with its then membership of 13 communicants. With these as a nucleus the respondent began work as pastor of the church, and in April, 1910, the church was incorporated as provided by sections 3613, 3614, Code 1907, under the name "Fifth Avenue Presbyterian Church U. S. A., Bessemer, Alabama," the three trustees filing the certificate of incorporation (Code, § 3614) having been among those who signed the petition above set out as "Exhibit B." Complainants in the bill, Eastis, Hickman and McPherson, were discontinued as trustees; others being elected in their stead at the time of incorporating the church.

Respondent Walker undertook much in behalf of the church, building a manse and also erecting on the property a "little store building" costing $200 or $300. When the necessary money could not be secured at the bank, respondent Walker obtained a loan to the church from his brother, J. E. Walker, which money was used to cover indebtedness incurred in the erection of the church and store, and also toward the pastor's salary. This borrowed money

[Walker, et al. v. McPherson, et al.]

was secured for some time by note, but when the church became incorporated, respondent had it to execute to said J. E. Walker a mortgage on the church property to secure the indebtedness, which mortgage seems to have been foreclosed prior to the filing of this suit.

When respondent H. L. Walker had been in charge of this church for about two years, the Home Mission Committee withdrew its support, and soon thereafter Walker resigned and left Bessemer. The church property has since been unused, and the bill in this cause was filed by the surviving, above-named trustees and by the First Presbyterian Church U. S., seeking the direction and authority of the court for a proper disposition of said property. H. L. Walker and J. E. Walker and the Fifth Avenue Presbyterian Church are made parties respondent, and required to show their title to the property. Plaintiffs further pray that if the said Walkers hold a mortgage or a mortgage foreclosure deed against the property, as alleged, they be required to deliver such instrument into court, that the same be canceled as a cloud upon the title of plaintiff trustees.

The trial court concluded that the title was in the trustees, that the subsequent incorporation of the Fifth Avenue church was without effect so far as the title was concerned, and ordered a sale of the property and cancellation of the mortgage as prayed in the bill.

It is insisted by counsel for the complainants that the action taken at the congregational meeting referred to, resulting in the petition above set out, was sufficient to authorize, and was indeed a direction requiring, the sale of the property for the purpose of consolidating with the other church, and that the approval of the Presbytery was not necessary. There is evidence in the record tending to show that the local church had the power to sell and dispose of its property without reference to the approval of the Presbytery, and that the Presbytery was supreme only in matters ecclesiastical. The evidence does not specifically show, however, that this authority extended so far as to warrant the local church organization in using the proceeds of its property toward the erection of a church building for an entirely different denomination. There is evidence for respondents to the effect that such authority does not exist, that the approval of the Presbytery is necessary. The laws of the church are not in evi-

dence, and none quoted in the record can be said to be decisive of this question. The proof in this respect is therefore in conflict.

But the conclusion we reach in the case does not require a determination of this question, and it is therefore left undecided. We entertain the view that, whatever may be the rule in this respect, the evidence clearly discloses that at the congregational meeting of the First Church U. S. A., the members merely expressed their desire to consolidate with the First Church U. S.; and their petition to Presbytery shows that they deemed such congregational action entirely dependent upon the approval of the Presbytery. The petition expressly requests permission for this consolidation; and not only this, but the record shows without dispute that the members of the congregation, as well as the trustees, awaited the action of the Presbytery, in the meantime taking no steps to consummate a sale of their property. There is nothing in the record, therefore, which would warrant the assertion that the congregation have acted, or intended to act, contrary to the wishes of the Presbytery, or without its approval. They merely petitioned the Presbytery for permission to consolidate, which permission was in course of time denied.

(1, 2) As the months went by, many of the members united with other churches, but a few remained steadfast. While respondent Walker was in charge of the church under the Mission Board, he succeeded in considerably increasing the membership; and after the church's incorporation as the Fifth Avenue Presbyterian Church U. S. A., new trustees were elected in place of those who are named as complainants in this cause, and who, it seems, had severed their connection with the said church. The trustees filing the certificate of incorporation were among those who signed the petition for consolidation. Under this state of facts we discern no irregularity in the incorporation of the said church; indeed, it seems to have been effected in all respects in accordance with the statute. The deed to the property was originally made to complainants and others, as trustees of the local church, which was then unincorporated; but upon its becoming incorporated it succeeded to all the rights of the unincorporated body, as held by this court in *Gewin v. Mt. Pilgrim Bap. Church,* 166 Ala. 345, 51 South. 947, 139 Am. St. Rep. 41. Such being the situation, the complainants in this suit are without control over the property in question, they having been superseded by other duly elected trustees of the incorporated church and being

[Pearce v. Pearce, et al.]

therefore without the right to maintain this suit. The decree of the court below is accordingly reversed, and one here rendered dismissing the bill.

Reversed and rendered. All the Justices concur.