(114 So. 43)

**SPRING PARK ASS'N v. ROSEDALE PARK AMUSEMENT CO. et al. (6 Div. 924.)**

Supreme Court of Alabama. Oct. 13, 1927.

1. Charities ⬤═39—Majority of members of unincorporated association could legally form charitable corporation (Code 1907, § 3613).

Majority of members of unincorporated association, formed for purpose of an amusement park, could form corporation under Code 1907, § 3613, by duly acting to that end and purpose.

2. Charities ⬤═39—Amusement park association could be incorporated as "benevolent society" (Code 1907, § 3613).

Association formed for purpose of amusement park, which used property as park and playground or recreation ground, could be incorporated as a "benevolent society," under Code 1907, § 3613.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Benevolent Association.]

3. Witnesses ⬤═317(1)—If witness swore willful falsehood as to material fact, trial court could find that testimony of witness as to other material facts was not worthy of credence.

If witness swore willful falsehood as to material fact, it was open to trial court to find and see that testimony of such witness as to other material facts was not worthy of credence.

4. Charities ⬤═39—Where unincorporated amusement park association became incorporated and as such conveyed its property to respondent's predecessors in title, bill providing for trustee to dispose of property of unincorporated society and to disburse its proceeds was without equity.

Where unincorporated association, formed for purpose of amusement park, became incorporated under Code 1907, § 3613, and corporation conveyed its properties to respondent's predecessors in title, bill in equity, alleging that former trustees of unincorporated society, with exception of one, had died, and no successors had been elected, and praying for appointment of trustee to hold legal title, to dispose of property, and disburse proceeds, was without equity.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by the Spring Park Association, an unincorporated association or society, against the Rosedale Park Amusement Company and others. From a decree dismissing the bill, complainant appeals. Affirmed.

W. F. Spencer, Theodore J. Lamar, and W. A. Weaver, all of Birmingham, for appellant.

Complainant was not such an association as could be incorporated under section 3616 of the Code of 1907. But, if so, it would be necessary that notice be given all members of the purpose to form the corporation before the meeting at which incorporation was proposed. 5 C. J. 1337; Henry v. Simanton, 64 N. J. J. Eq. 572, 54 A. 153. It would further have to be shown that a sufficient number of members of the association voted to incorporate and elect trustees. Code 1907, art. 18; 5 C. J. 1338. The burden is on appellees to show compliance with the law as to incorporation. 5 C. J. 1337. A conveyance of the entire property, not in the mode provided, and in the absence of notice, would be void. Acts 1911, p. 564; Jones v. Nichols, 202 Ala. 233, 80 So. 71; 14a C. J. 414, 526; Dickinson v. Harris, 155 Ala. 613, 47 So. 78. The property here involved was impressed with a trust for the benefit of the members of the association. Code 1907, § 3414. It could not be sold for a purpose other than that for which the corporation was formed, without the consent of all the members. 5 C. J. 1344; Abels v. McKeen, 18 N. J. Eq. 462. If there was a corporation known as the Spring Park Association, it is not shown the managing officers were authorized to dispose of the entire property, and, unless this be done, the title is still in the purported corporation. 14a C. J. 2268–2430; Dickinson v. Harris, supra.

Altman, Taylor & Koenig, of Birmingham, for appellees.

After election of trustees, and filing by the trustees of certificate with the probate judge, the members of an unincorporated society are incorporated. Code 1907, §§ 3613, 3614. The organization of a corporation under the statute by a majority of an unincorporated association operates ipso facto as a transfer of the right, and interest of the individual members of the association to the corporation. The incorporated association succeeds to all the rights of the unincorporated association. Gewin v. Mt. Pilgrim Church, 166 Ala. 345, 51 So. 947, 139 Am. St. Rep. 41; Happy v. Morton, 33 Ill. 398; Walker v. McPherson, 199 Ala. 486, 74 So. 449.

THOMAS, J. The cause was submitted on the pleadings and proof, and the bill was dismissed. The bill as amended, among other things, alleged:

That prior to June 5, 1900, there was an unincorporated society functioning under the name of Spring Park Association, and formed for the purpose of an amusement park near the town of Rosedale, and that it was available to its members contributing the money for the purchase of the real property so used. The membership duly elected its trustees, who were acting for them when the land was acquired from Mr. Dadham and wife that is now the subject-matter of the litigation. That in September, 1911, its trustees and one Jones became a body corporate under the name of Spring Park Association, and the object thereof purported for social better-

ment and enjoyment of its members as an amusement park or playground, and the charter was duly issued by the judge of probate. That on January 11, 1912, the corporation procured a quitclaim deed from the Dadhams, and it was recorded.

It is further averred that soon after the last conveyance the corporation purported to convey the property to the Rosedale Park Amusement Company, a corporation, the principal stockholders being the same individuals indicated as the trustees of the unincorporated association, and in August of the same year the last-named corporation executed a mortgage on said property to the Alabama Penny Savings Bank, that it was foreclosed and purchased by the Birmingham Trust & Savings Company, a creditor of the savings bank on December 28, 1916, and that the purchaser at the foreclosure sale did, on August 11, 1919, convey the same to Taylor Francis, through whom respondents, Jackson Realty Company and Jackson Riggins, claim title to some portion of the land described.

There are averments of improvements; that the former trustees of the unincorporated society had all died except Finley, and no successors had been elected, and it was alleged that the title is in abeyance and no remedy available other than in a court of equity; that the membership is widely scattered, and the purpose for which the association was formed had ceased to exist; and it was sought that a trustee be appointed to hold the legal title, dispose of the property, and duly disburse the proceeds.

The prayer was appropriate for the trustee and receivership, for sale of the property and distribution of the proceeds to the members as their several interests may appear; and there was a general prayer for other and further relief.

The court in effect held that the unincorporated society became the body corporate, that the successors in title were protected under and by the respective conveyances, and dismissed the bill as amended; that is to say, when Spring Park Association became incorporated under the existing law, it succeeded to all the rights, titles, and interests and privileges of the unincorporated association. Gewin v. Mt. Pilgrim Baptist Church, 166 Ala. 345, 51 So. 947, 139 Am. St. Rep. 41; Hope of Ala. Lodge of Odd Fellows v. Chambless, 212 Ala. 444, 103 So. 54; Robertson v. Business Boosters' Country Club, 210 Ala. 461, 98 So. 272; Walker v. McPherson, 199 Ala. 486, 74 So. 449; Blount v. Sixteenth St. Baptist Church, 206 Ala. 423, 90 So. 602. This being true in fact and in law, the complainant's bill was without equity. Such was the crux of the suit; on this inquiry rested the decree dismissing the bill as amended.

[1-3] The law being settled as indicated, there could be legal incorporation under the state by a majority of the members of the unincorporated association duly acting to that end and purpose. Code of 1907, § 3613; Hope of Ala. Lodge of Odd Fellows v. Chambless, 212 Ala. 444, 103 So. 54. The evidence supports the finding that there was such due and legal incorporation; and the dismissal of the bill as amended followed.

The purposes of the association are averred in the second paragraph of the bill as follows:

"That prior to June 5, 1900, certain persons became associated as an unincorporated society under the name of Spring Park Association, the object and purpose of said association was to maintain, operate, and control and acquire a certain amusement park or playground near the town of Rosedale in said county, for the social betterment and enjoyment of its members; that, in carrying out the purposes of the organization, it became desirable to acquire certain real estate hereinafter more fully described, and to this end dues, assessments, or fees were collected from its members in money, among whom were the following members and contributors, to wit."

The evidence sustains the purpose of that organization and the use and enjoyment of the common property for a benevolent purpose; and it was such as may be the object of incorporation under the law as to "corporations not of a business character." The witness Thompson said that the purpose of the association was for the benefit of the community at that time, and the property was used as a park and a playground or recreation ground. This was within the purpose for which the property was acquired by the unincorporated association and by the legal entity. That purpose was within the terms of the incorporation law as a "benevolent society." The witness Jackson sustained the validity of the incorporation as being duly authorized by its membership. He is corroborated in a material respect by Brown. That attorney was disinterested; was not a stockholder or a member. There was contradictory evidence. It was by an interested party. If such witness swore a willful falsehood as to a material fact, as to the execution of the writing as to incorporation, it was open to the trial court to find and believe that the testimony of such witness as to other material facts was not worthy of credence.

It may be observed that Smith, Finley, and Towles were members of the unincorporated association who went into the incorporation, which sought to regain the property in 1917 by suit in the name of the Rosedale Park Amusement Company against the Birmingham Trust & Savings Company, and who, after the death of practically all the leaders and trustees, save D. Finley and Pettiford, president of the Penny Savings Bank, and Hudson, the cashier thereof, filed the present suit in the name of the Spring Park Association, an unincorporated association, that had ceased to function in any respect after

its incorporation on September 28, 1911. Their testimony is not convincing. Failing to obtain satisfactory result from the bill, they, or some of them, employed Mr. Powell to file, in 1917, for the corporation, the Rosedale Park Amusement Company, more than ten years after the association was incorporated, the present bill in the name of the unincorporated association, which is sought to be maintained.

[4] We will not disturb the decree to the effect that the facts and equities are against complainant and with respondents, that the unincorporated association became duly incorporated and as such conveyed its properties to respondents' predecessors in title; hence the ruling dismissing the bill. The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.