66 So.2d 122

## HIGHLAND VIEW BAPTIST CHURCH et al. v. WALKER et al.

### 6 Div. 442.

Supreme Court of Alabama.

May 21, 1953.

Rehearing Denied June 30, 1953.

302

H. L. Anderton, Birmingham, for appellants.

Beddow & Jones and G. Ernest Jones, Jr., Birmingham, for appellees.

PER CURIAM.

This is a factional dispute in a Baptist Church, which is an unincorporated association. A bill in equity was filed in the name of the church and the individuals who style themselves as trustees for the church organization. The purpose is to enjoin the respondents who represent the opposite faction "from using or attempting to use the properties of the church for meetings or services unless permitted to do so by the officers and trustees of the church (presumably there referring to complainants), and from further inter-fering in any manner with the Highland View Baptist Church in using its properties for its church purposes and from disturbing or disrupting in any manner the carrying on of its religious services in or and about its said properties." A temporary injunction was ordered and issued.

The respondents filed some pleas in abatement, including pleas A and B, and without waiving the pleas demurred to the bill, and without waiving the pleas and demurrer answered the bill in full and made a motion to discharge or dissolve the temporary injunction; and then moved the court to require counsel, who filed the bill of complaint, to produce their authority to represent the complainant Highland View Baptist Church.

The cause was heard, as the decree recites, "upon motion of respondents to require counsel for complainant to show his authority to represent complainant church and pleas 'A' and 'B' of respondents averring in substance that counsel for complainant was not authorized to represent the complainant church or to file suit herein."

There was evidence taken ore tenus on the trial and, on May 23, 1952, the court entered a decree dissolving the temporary injunction, and finding that the bill of complaint was not "authorized by said church, the said bill is by the court hereby dismissed". From that decree this appeal was taken. The assignments of error in the main relate to that decree.

The evidence taken on the submission showed that at a regular church service on Sunday, April 13, 1952, preaching was conducted by the pastor, Tidwell. There had arisen opposition to Tidwell as pastor. Rev. Walker had been pastor before Tidwell and was present at that service. He desired to offer for membership on a letter from another Baptist Church. Pastor Tidwell did not approve a motion then made to open the "door of the church" for the admission of new members, and did not put the motion though it had a "second". The motion was put by another and carried, and Walker was received on letter. Tidwell did not participate. The congregation then passed a motion discharging Tidwell as

pastor and electing Walker. Out of about one hundred members the Tidwell faction included about twenty, among whom were all the deacons except one. That afternoon the Tidwell faction locked the door of the church; and that night the Walker faction went there to conduct the regular services, broke open the church door and conducted a service in the absence of Tidwell and his faction.

The regular midweek service was usually held on Thursday night. On the next Thursday night, April 17th, the Tidwell faction, consisting of fifteen or twenty (a minority of the membership) had a meeting at the home of one of them, to wit, Jim Lee. The other faction had the regular service in the church. At that meeting of the Tidwell faction they decided to employ counsel to file a suit to enjoin the Walker faction from using the church for services except by permission of the church officers. As a result Mr. Anderton was employed and filed this suit as above stated. So that, the question for decision is whether the Tidwell minority group had a right to employ counsel for the church congregation and file this suit in its name and that of its officers.

The nature and legal status of such an organization in the courts of Alabama have been frequently stated by this Court. See Williams v. Jones, 258 Ala.Sup. 59, 61 So. 2d 101, which cites all our cases pertaining to a Baptist congregation and its practices.

It is said in Gewin v. Mt. Pilgrim Baptist Church, 166 Ala. 345, 349, 51 So. 947, 948: "The Baptist church is congregational in its policy. It is democratic in its organization. It is the right of each congregation to rule itself in accordance with the law of the church. The will of the majority having been expressed, it becomes the minority to submit." By the law of the church, we take it to be the law made by that congregation, either in terms or in practice.

It is said in Barton v. Fitzpatrick, 187 Ala. 273, 278, 65 So. 390, 392:

"This church is a pure democracy, and, apart from some general regulations which have been accepted as a sort of covenant by all the churches of that denomination, each church is a law unto itself in the management of its own affairs. Its organization is congregational, and each church must of necessity be governed by laws which inhere in that form of government. * * * every meeting, duly assembled, constitutes a quorum of the church for the transaction of the business for which it is assembled, and a majority of the quorum has the right to speak for the entire congregation, and its expressed will stands as the law of the church until it is changed or repealed by a subsequent meeting with similar authority. At customary meetings customary business may be transacted without special notice. But it is obvious that in a body of that constitution some form of notice that a special meeting will be held for the transaction of unusual and important business is necessary, and must emanate from the majority of a quorum, or from duly constituted authority, in order that a *minority may bind the entire membership.* * * * the opposition should have appealed to the congregation then assembled to call a meeting for the purpose desired, or to some future regular meeting assembled for some customary purpose of the church, for so only could the entire membership be affected by the notice and be given an opportunity to express their wishes, and so only can the theory of a purely democratic government be worked out in seemly and orderly practice."

If in this respect there is a failure "it results that their subsequent steps were irregular and without authority of the church law." (Italics ours.)

In the Barton case it was also held that a church, as to a pastor employed for a fixed term and at a fixed salary, "may at any time, so far as the civil courts are concerned, depose him from his spiritual office, subject only to inquiry by the courts as to whether the church, or its appointed tribunal, has proceeded according to the law of the church" and in such a church "the

inquiry is limited to the determination whether in fact the church has acted as a congregation." It was also, held that the tenure of office of a trustee was likewise subject to the will of the majority, referred to above, and that the trustees could not obstruct action by the congregation in that respect. "They have no individual pecuniary interest in the church property, nor in their tenure of office as opposed to the interest or wishes of the congregation, and no property right" exists with respect to their tenure of office. Those principles are said generally to apply to religious associations. 76 C.J.S., Religious Societies, 16, p. 761.

 We are not here concerned with whether Tidwell was discharged as pastor and Walker elected in due and traditional form by the congregation, according to the practice of democratic organizations as explained in Barton v. Fitzpatrick, supra, but only whether such congregation, pursuant to such practice, duly and legally acted in the decision to prosecute this suit and employ counsel. The group claiming that right being in the minority, the principle quoted above from the Barton case, which has application is that "At customary meetings customary business may be transacted without special notice." But that "some form of notice that a special meeting will be held for the transaction of unusual and important business is necessary, and must emanate from the majority of a quorum, or from duly constituted authority, in order that a minority may bind the entire membership."

 The meeting held by the minority mentioned above was not such as was customary. It was customary to have the midweek service at the church. No notice of that meeting was given except to members of that group. Those present did not therefore constitute a quorum. It does not appear that the matter of instituting litigation against another group of its membership was business customarily transacted at the midweek service. To be regular, therefore, the meeting held by the Tidwell group must have been duly called by authority of the congregation, and notice of it and of the business to be transacted should have been given to all the members.

But appellants rely upon the principle that the majority had no right to such notice, nor to insist that the meeting of the Tidwell group was not held pursuant to church law because they had themselves departed from the faith and order of the congregation in summarily discharging its pastor, opening the church locked by the deacons and trustees, and holding the regular service at the church so that the Tidwell group could not do so.

 That insistence is on the theory that the majority of such an organization cannot make use of the church property when they have departed from the traditional usages, practices and principles of the church as an organized body, except by authority of those, even though a minority, who cling to those usages, practices and principles. That theory is well supported. Caples v. Nazareth Church, 245 Ala. 656, 18 So.2d 383; Holt v. Scott, 252 Ala. 579, 42 So.2d 258; Mitchell v. Church of Christ, 221 Ala. 315, 128 So. 781, 783, 70 A.L.R. 71. But it is only applicable to what is sometimes described as "established characteristic * * * doctrines and practices". Mitchell v. Church of Christ, supra; Caples v. Nazareth Church, supra; Mt. Olive Primitive Baptist Church v. Patrick, 252 Ala. 672, 42 So.2d 617, 20 A.L.R.2d 417.

The principle does not include practices constituting the law governing procedure in assembling and conducting a meeting of the congregation with respect to the management of its secular affairs, such as is here involved. It does not appear that the majority have departed from the faith and have taken up new doctrines and dogma foreign to those established for a Baptist congregation, so as to be deprived in a summary manner of the right to membership. The organization can only act in secular affairs by its congregation duly assembled or by its authority. The meeting of the Tidwell group, as the assembled congregation which authorized this suit, cannot bind the organization since it was not assembled in accordance with usages

effective in such an organization, as set out in Barton v. Fitzpatrick, supra. Blount v. Sixteenth Street Baptist Church, 206 Ala. 423, 90 So. 602.

Proper procedure not having been pursued by the Tidwell group in assembling the congregation to transact unusual business, its acts in authorizing this suit against another group, which is the majority and has not renounced the faith of the established order, is not authoritative to justify the use of the church name and officers to oust the other group from use of the church property.

The foregoing opinion was prepared by Foster, Supernumerary Judge of this Court while serving on it at the request of the Chief Justice, under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and MERRILL, JJ., concur.