116 So.2d 899

McKinley JOHNSON et al., Individually and as Members and Elders of the Church of God of Prichard,

v.

SWEENEY'S LANE CHURCH OF GOD, INC., et al.

1 Div. 723.

Supreme Court of Alabama.

Feb. 12, 1959.

Rehearing Denied Jan. 21, 1960.

Henderson F. Helt, Jr., Donald E. Brut-kiewicz and Elwood L. Hogan, Mobile, for appellants.

Harry Seale, Mobile, for appellees.

262

LIVINGSTON, Chief Justice.

This appeal is from a final decree of the Circuit Court of Mobile County, in Equity, dismissing appellants' bill of complaint seeking a declaratory judgment and reformation of a deed.

Prior to November 17, 1943, certain of the appellants and certain of the appellees joined together for the purpose of religious worship and formed the unincorporated religious society known as The Church of God of Prichard, Alabama. On November 17, 1943, one Delia V. Bowen, for a consideration of some two or three hundred dollars, executed a warranty deed purporting to convey a certain parcel of land to The Church of God of Prichard, Alabama, and upon which the unincorporated society built a church building in 1946, and which building was used for church purposes until 1956. For reasons which we feel it unnecessary to discuss here, the church group split into two factions. One group was desirous of selling the church property and moving to California, while the other group wished to remain in Prichard. Frances Knight, the acting pastor of the church and the leader of the group which wished to move to California, then began circulating a petition among the church members to sell the church property pursuant to advice of a real estate agent. It was at this point that active opposition was begun by the group which desired not to move to California. Frances Knight then sought legal advice and was advised that she could sell the church if she had it incorporated. Certain papers were filed in the Probate Court of Mobile County, and the church was incorporated under the name of The Sweeney's Lane Church of God, Inc. It is charged in the bill of complaint that certain irregularities occurred with respect to the minutes of the meeting authorizing the incorporation of the church and that a quorum was not present, although it is never charged that the minutes were incorrect in substance. In addition to the prayer for general relief the original bill of complaint prayed that the incorporation of the church be declared null and void and of no consequence; that the title to the property be vested in the entire membership of the congregation of The Church of God of Prichard, Alabama, so that the majority of the members may take the appropriate steps to incorporate it; that the court decree that the respondents have no power to sell the property; and that the court allow the property to be deeded in trust to The Board of Church Extension and Home Missions of The Church of God of Anderson, Indiana, Inc., with home offices in Anderson, Indiana, until such time as the court feels that it is proper for title to be reinvested in the local membership or in any subsequent corporation formed by the membership. Appellants filed demurrers to this bill of complaint, which were overruled. Later, appellants sought to join Delia V. Bowen, the original grantor of the locus in quo, as a party respondent, and further prayed that she be required to execute a deed to the trustees of The Church of God of Prichard, Alabama. Delia V. Bowen filed a plea of disclaimer agreeing to execute an appropriate deed as the court should direct. Respondents filed a motion to strike the amendment on the grounds that the amendment was a complete departure from the cause of action of the original action and that there was a complete change of parties respondent. The motion was granted by the court.

After respondents filed their answer, and evidence was taken ore tenus, the chancellor entered an order dismissing the bill of complaint and taxing the complainants with the costs. Later, ex mero motu, the court modified and amended the decree so that the bill of complaint was dismissed and The Sweeney's Lane Church of God was

adjudged to be legally incorporated under the statutes of the State of Alabama. This decree also stated that all steps necessary to authorize the trustees to convey the real property in question had been properly taken and that the trustees were duly authorized to make the sale in the name of the corporation. From these decrees, the complainants appeal.

Appellants contend in brief that The Church of God of Prichard, Alabama, was an unincorporated religious association at the time of the attempted conveyance by Delia V. Bowen, and since the deed purports to convey to the church itself and not to trustees, the conveyance was of no effect and that title never passed, but remained in the grantor, Delia V. Bowen. Hence, they say that the chancellor erred in granting respondents' motion to strike the last amendment to the bill of complaint attempting to join Delia V. Bowen and requiring her to execute a new deed to the trustees.

█ It is clearly settled in Alabama that an unincorporated religious society is without capacity to acquire or hold title to realty. Burke v. Roper, 79 Ala. 138; Stewart v. White, 128 Ala. 202, 30 So. 526, 55 L.R.A. 211; Gewin v. Mt. Pilgrim Baptist Church, 166 Ala. 345, 51 So. 947, 139 Am.St.Rep. 41; Street v. Pitts, 238 Ala. 531, 192 So. 258; Darby v. Jones, 249 Ala. 104, 29 So.2d 879; Walker v. McPherson, 199 Ala. 486, 74 So. 449; Vaughn v. Pansey Friendship Primitive Baptist Church, 252 Ala. 439, 41 So.2d 403; McLean v. Church of God, 254 Ala. 134, 47 So.2d 257; 14 C.J.S. Charities § 34; 76 C.J.S. Religious Societies § 50; 10 Am.Jur., Charities, § 33; 45 Am.Jur., Religious Societies, § 47.

But the foregoing authorities are not decisive in the instant case. Admittedly, both in the allegations of the bill of complaint, the answers thereto, and the proof, Delia V. Bowen sold the property here involved to The Church of God of Prichard for a valuable consideration and delivered the possession to the church or the members

thereof, and upon which the members built a church house and used it as a place of worship until the year 1956, when the split in the church occurred.

█ One of the litigated questions in the court below was the legal incorporation of the church under the provisions of Title 10, § 124 et seq., Code of 1940. This question was one of fact for the determination of the trial court. Upon evidence taken orally before the trial court, that court found that the incorporation of The Sweeney's Lane Church of God, Inc., was duly and legally incorporated. Under the well-recognized and oft-repeated holdings of this court, such a finding will not here be disturbed unless it is palpably wrong and unjust. We are not prepared to say upon the record before us that the ruling was palpably wrong and unjust. The incorporation of The Sweeney's Lane Church of God, Inc., was perfected before this suit was filed.

It was said in Gewin v. Mt. Pilgrim Baptist Church, 166 Ala. 345, 51 So. 947, 948, that:

"The unincorporated society was without capacity to acquire or hold title. Stewart v. White, 128 Ala. 202, 30 So. 526, 55 L.R.A. 211. Nor did the conveyance to trustees—or, rather, the agreement to convey—for the unincorporated society in strictness create a charitable use. Nevertheless, the jurisdiction of the chancery court over such voluntary associations and their property is maintained in this state, independently of the English statute of charitable uses and of any prerogative power of the court, on the ground of the trust nature of the property, the charitable uses for which it is designed, and the inadequacy of legal remedies.— Burke v. Roper, 79 Ala. 138; Williams v. Pearson, 38 Ala. 299; Carter v. Balfour['s Adm'r], 19 Ala. 814. Equity must therefore have power to compel a conveyance to the incorporated church This will not involve the court in the

impossible function of making a contract for the parties, nor require the performance of a contract differently from its agreed terms. An organization, under the statute, by the majority of a society, operates ipso facto as a transfer of the rights and interests of individual members to the corporation thereby created.—Happy v. Morton, 33 Ill. 398. The incorporated church has succeeded to all the rights of the unincorporated church. The successor is the sole beneficiary of the contract entered upon by the trustees. The effort to enforce the contract necessarily involves an inquiry as to which of the factions stands for the true Mt. Pilgrim Church. It would be unseemly and abhorrent to justice that such a question should be determined by the result of a race of diligence in securing an incorporation under the statute. The two factions of this church are not divided on any question of religious doctrine or denominational practice. They seem more intent upon the use of a name, and they evidently attach importance to the possession of the property of the church. The Baptist church is congregational in its policy. It is democratic in its organization. It is the right of each congregation to rule itself in accordance with the law of the church. The will of the majority having been expressed, it becomes the minority to submit. There are no appellate judicatories. A majority of the church in question had the right to determine whether the incorporation should be had. If it was had in accordance with the will of the majority, that will must be given effect here, else there would be no remedy for a wrong affecting property rights. It must be conceded that the courts have no power to revise ordinary acts of church discipline or pass upon controverted rights of membership.—Hundley v. Collins, 131 Ala. 234, 32 So. 575, 90 Am.St.Rep. 33. * * *"

We must, therefore, determine the legal and equitable title to the church property after the church was incorporated. It is true that the legal title never passed to the unincorporated Church of God of Prichard by the deed of Delia V. Bowen, because the unincorporated church was incapable of holding legal title.

It seems that The Church of God of Prichard is democratic in its organization. So far as it appears from the record, there are no appellate judicatories. A majority of the church has the right to determine whether the incorporation should be had.

It was said in the case of Hope of Alabama Lodge of Odd Fellows v. Chambless, 212 Ala. 444, 103 So. 54, 55, as follows:

"A court of equity treats the active members of a voluntary nonbusiness association as the owners of its properties in trust for the community interest of the unincorporated society or association. This was in effect, the result of First Nat. Bank [of Gadsden] v. Winchester, 119 Ala. 168, 172, 24 So. 351, 72 Am.St.Rep. 904, as dealing with corporate property and the stockholders' interest therein, where the corporation was in abeyance. When there is an incorporation of such society or association, participated in and authorized by a majority of its membership, the legal title passes to the corporation (Robertson v. Business Boosters' Country Club, 210 Ala. 460, 98 So. 272); such is the result as to the legal title to the community property, if incorporated by a majority of the association's members. If incorporation is participated in and authorized by less than a majority of the lodge membership, the title to said properties would not vest in the corporation, but remain in trust for the majority membership, or in abeyance for the association unincorporated. This is the theory of our unin-

corporated church cases. Gewin v. Mt. [Pilgrim Baptist] Church, 166 Ala. 345, 51 So. 947, 139 Am.St.Rep. 41; Walker v. McPherson, 199 Ala. 486, 74 So. 449; Blount v. Sixteenth Street Baptist Church, 206 Ala. 423, 90 So. 602. * * *"

▆ Perhaps some of the quotation from the case of Hope of Alabama Lodge of Odd Fellows v. Chambless, supra, is dictum, for the reason that the deed in that case was made to named trustees of the unincorporated society. Nevertheless, equity has jurisdiction over voluntary unincorporated associations and their property in this state. If the legal title never passed out of Delia V. Bowen, in equity she held such title as trustee for The Church of God of Prichard, and when that church was incorporated, the legal title passed to the incorporated church regardless of whether it was in Delia V. Bowen or the individual members of the unincorporated church. She probably was a proper, but not necessary, party to the action. The decree of the lower court, while not a model, is sufficient for all the purposes of this case in that the complainants in the court below, the appellants here, had not in anywise been injured thereby.

The due and legal incorporation of The Church of God of Prichard by a majority of the membership thereof into The Sweeney's Lane Church of God, Inc., disposes of all the controversies by the two factions of the Church.

▆ The lower court entered a proper declaration, as appears in the decree. It was, therefore, error to dismiss the bill of complaint. The decree dismissing the bill of complaint is, therefore, reversed and a decree is here rendered affirming the declaration of the rights of the parties.

Affirmed in part and in part reversed and rendered.

All the Justices concur.