On February 1, 1978, Federated Guaranty Life Insurance Company (Federated) filed a complaint seeking to rescind two $10,000 life insurance policies on the life of Steve Bragg, also known as John S. Bragg (Bragg). The action sought a declaration of the rights and responsibilities of the parties *Page 1387 
under these two policies. Federated contended that the policies were invalid because Bragg had made material misrepresentations in the applications for insurance and, therefore, it contended that it was legally entitled to a declaration of invalidity.
To that complaint, Bragg filed a general denial and a counterclaim alleging that, on November 8, 1976, Federated issued a $10,000 life insurance policy, representing that Federated would waive premiums in the event of disability. Bragg alleged that this representation was false. Only one of the two $10,000 policies carried a waiver of premium provision. Bragg demanded a jury trial of all issues and sought punitive damages.
At the conclusion of Federated's case, Bragg made an oral motion to dismiss Federated's declaratory judgment action, contending to the trial court that Federated's complaint did not state a justiciable controversy and was moot. The following colloquy took place.
 MR. FULLER [Federated's attorney]: Please the Court, under the allegations of Mr. Lindsey's [Bragg's attorney] counterclaim and under the position taken, the plaintiff attempted to cancel the policies and it was never acquiesced and never submitted to or they were never agreed to by the defendant in this case, as the evidence clearly indicates, and it's the position of the counterclaim for that they are claiming benefits under the policy saying that we denied benefits under the policy. Therefore, once they kept the policy and did not surrender them or did not consent to the cancellation, then the policies were still outstanding and represented claims or liabilities of this company and I think the law under all of these cases says that the public policy is that disputes be settled in Court and that's why you come in and say under the Statute, it clearly says, when a policy can be cancelled, that is under misrepresentation. Now, under his motion, if he wants to stipulate that the policies were lawfully cancelled, then I will agree that it's a moot case.
 MR. LINDSEY [Bragg's attorney]: I will stipulate that they are terminated.
 MR. FULLER: If he wants to stipulate that they were cancelled under the basis of the allegations of our complaint, then we would gladly accept that. But that's not what he's saying. He's saying we illegally cancelled them. And therefore, the only testimony is that they are still outstanding.
. . . . .
 THE COURT: All right. Let me rule, unless you all want to say something else. I am going to surprise you. I am going to grant the motion.
 MR. FULLER: All right, sir. We except to the Court's ruling. Now, did I understand by the Court's ruling that you are saying the policies are legally cancelled?
THE COURT: No, I didn't say that.
MR. FULLER: I would like to get that straight.
 MR. LINDSEY: He said your bill for declaratory judgment is dismissed.
 THE COURT: I didn't say they are legally cancelled, all I am saying is that as I understand, his motion had to do with declaratory judgment and that complaint does not go to the jury. It is dismissed.
 MR. FULLER: All right. You are dismissing my complaint for declaratory judgment and that will not be a question for the jury?
THE COURT: Right.
. . . . .
 MR. FULLER: Yes. Contract liability under those policies because if the Court dismissed my complaint today, then it is my position that a counterclaim is automatically gone because I have either legitimately cancelled my policies or I have not. And if I have not the position that we have taken and under a bill of declaratory judgment, then they should determine that Mr. Bragg has got coverage. That's our position. If the Court dismisses my complaint, then we say — then our *Page 1388 
position is that you say we have legally cancelled the policies and we have no further contractual liability thereon.
THE COURT: That's what you're saying —
 MR. FULLER: That's all I'm asking the Court to clarify on its ruling here because that's what I have come to this Court and asked for.
 THE COURT: All I'm going to say into the record is I will let the higher court straighten that aspect out. All I'm saying is that the declaratory judgment is dismissed. We are still in here on the counterclaim.
 MR. FULLER: All right, sir. We except to the Court's ruling and we make known that the counterclaim should fall or should fall on the dismissal of the primary complaint in this case and we would move for a summary judgment on it.
The judge then explained his ruling in more detail as follows:
 THE COURT: Let me tell you what I am tempted to do. I am tempted to clarify this kind of lawsuit so that if and when I get to the jury, the jury can understand what I am charging them on — it is my opinion if they do go to the jury on the counterclaim — that whatever the result of that counterclaim is going to be dispositive of the issue whether or not these policies are in effect. . . . All I am going to say into the record is that I will let the higher court straighten that aspect out. All I am saying is that the declaratory judgment is dismissed. We are still here on the counterclaim.
The court subsequently charged the jury:
 The only issue before you is the counterclaim — the issue before you is going to be was there a legal fraud practiced on Steve Bragg by Federated Guaranty Life Insurance Company.
Thereafter the jury returned its verdict on Bragg's counterclaim against Federated in the amount of $500,000. Federated appealed. We reverse and remand.
We hold that the trial court erred in dismissing Federated's declaratory judgment action. It is clear from the record before us that no determination has ever been made on the issues presented by that action. It was Federated's contention in its complaint that Bragg had misrepresented the true condition of his health without knowledge on Federated's part and, immediately upon learning the true condition of Bragg's health, Federated notified Bragg that it was rescinding the two policies because of this misrepresentation. It sought from the court a determination that the misrepresentation allegedly made by Bragg to it concerning his health was sufficient to entitle Federated to rescind and cancel the policies. This issue has never been resolved. The trial court was wrong in its conclusion that a determination of whether or not Federated had misrepresented its intention to honor the waiver of premium provision was dispositive of this issue.
The position of each party as we understand it is as follows: Federated contends that because of the alleged fraud perpetrated upon it by Bragg, it was entitled to a rescission of the policies. Bragg, by way of counterclaim, contends that he was entitled to recover in tort from Federated based upon its alleged misrepresentation that it would honor the waiver of premium provision in the policies, which, he contends, it never had any intention to do from the beginning. Within the context of the issues as framed in this case, if the jury determines that Federated is correct in its contention that the contracts of insurance are invalid because of the misrepresentations allegedly made by Bragg with respect to his health, then the issue presented by Bragg by way of his counterclaim would not be reached by the jury.
Federated is entitled to have the issue raised by its action for declaratory judgment resolved by the trier of the facts, in this instance, the jury. The declaratory judgment act which has been in effect in this state since 1935 has for its purpose "to settle and to afford relief from uncertainty and insecurity with respects to rights, status and other legal relations and is to be liberally construed and administered." *Page 1389 
Code of Ala. 1975, § 6-6-221. Section 6-6-223 specifically provides that any party to a contract may bring a declaratory judgment action to determine the validity of that contract. It was that statutory remedy which Federated sought by way of its action asking that the court declare the contracts of insurance invalid in this instance. It seems to be Bragg's position that because he had not filed a claim under the policy provision providing for waiver of premiums, the declaratory judgment action was moot. We cannot agree. It has frequently been noted that the declaratory relief provided for in the declaratory judgment acts is especially useful in insurance policy disputes. Borchard's Declaratory Judgments (2nd ed. 1941). Neither party to an insurance contract should be compelled to wait until the events giving rise to liability have occurred before having a determination of the rights and obligations under the policy. Professor Borchard has said:
 The fact that insurance contracts are often of long duration, involve fiduciary relationships, depend upon representations, facts and conduct which the company finds it difficult to control, look to future contingencies and benefits and, in the event of loss, create new relationships between the insurer, the injured person or beneficiary and the insured or principal debtor, has produced legal uncertainties which the declaratory action has done much to allay.
Borchard's Declaratory Judgments (2nd ed. 1941), p. 634. Under the facts of this case, either party to the contract was entitled to bring an action for declaratory judgment. When Federated returned the premiums submitted to it by Bragg after its attempted rescission of the contract, Bragg was entitled to have the validity of the policies determined. Likewise, inasmuch as Federated took the position that the contracts had been legally cancelled and Bragg denied that they had, then Federated was likewise entitled to have that issue determined. As Professor Borchard states:
 Instead of awaiting the pleasure of the accuser or claimant in bringing his demand or claim to adjudication, legislators and courts have found that social peace is promoted by taking under judicial cognizance the desire of the party charged or in jeopardy to be relieved of the peril, the insecurity and the uncertainty created by an unjust claim, actual or potential. The procedure for declaratory adjudication has thus served as a stabilizer of legal relations.
Borchard's Declaratory Judgments, supra, p. 645.
Uncertainties created by claims of misrepresentation in the issuance of insurance policies are peculiarly suited to resolution by way of declaratory judgment actions. The policies involved in this case provide that the policy shall be incontestable after a period of two years from the date of issue, except for nonpayment of premiums. Because of that provision, Federated would be bound by the terms of the policy to pay the life insurance proceeds to Bragg's beneficiary notwithstanding the misrepresentations allegedly made with respect to the condition of his health at the time of issue, if not raised within two years of the date of issue. Therefore, Federated had a compelling reason to seek a judicial determination of its liability under these policies, and the trial court erred in dismissing its action for declaratory relief.
At 26 C.J.S. Declaratory Judgments § 161 (1956), pp. 374-375, the following appears:
 [I]t is the duty of the judge to adjudicate the decisive issues involved in the controversy . . . and to make binding declarations concerning such issues, thus putting the controversy to rest, and ordinarily it should make such an adjudication regardless whether the decision is for or against plaintiff. . . . [O]rdinarily, where plaintiff is not entitled to a favorable declaration, the court should render judgment embodying such determination and should not merely dismiss the action.
See also Johnson v. Sweeney's Lane Church of God, Inc.,270 Ala. 260, 116 So.2d 899 (1960).
We hold that Federated is entitled to a declaration of whether it is entitled to rescind *Page 1390 
these policies based upon the alleged misrepresentation made by Bragg in his applications for insurance.
REVERSED AND REMANDED.
MADDOX, JONES, ALMON, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and FAULKNER, J., concur specially.